# Richmond

OSWALD BENTLY COOPER, JR. V. HAMILTON HAAS, JUDGE OF THE CIRCUIT COURT OF PAGE COUNTY.

October 13, 1969.

Record No. 7286.

Present, Snead, C. J., and I'Anson, Carrico, Gordon and Harrison, JJ.

*A. James Kauffman* (*Taylor, Hazen, Bryant and Kauffman,* on brief), for petitioner.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General; Edward J. White, Assistant Attorney General,* on brief), for respondent.

CARRICO, J., delivered the opinion of the court.

This is an original petition for a peremptory writ of mandamus filed by Oswald Bently Cooper, Jr., the petitioner, against Hamilton Haas, Judge of the Circuit Court of Page County, the respondent. The petitioner asks us to order the respondent to appoint counsel to

appeal the denial of a petition for habeas corpus filed by the petitioner and also to require the respondent to provide the petitioner a free transcript of the habeas corpus hearing.

The petitioner was convicted in 1957 in the Circuit Court of Page County of two counts of burglary and one count of grand larceny. He was sentenced to serve a total of 22 years in the penitentiary.

In 1968, the petitioner filed a petition for a writ of habeas corpus attacking his convictions. He was permitted to proceed in forma pauperis, and counsel was appointed to represent him. A plenary hearing was held, and the petition was dismissed. When the petitioner asked the court to appoint counsel to appeal the decision and to furnish a free transcript, the request was refused. The present petition for mandamus followed.

The Attorney General concedes that the petitioner is entitled to a free transcript of the habeas corpus hearing. The writ of mandamus will be awarded, therefore, to compel the furnishing to the petitioner of such transcript. This leaves only the question whether the respondent should be ordered to appoint counsel to appeal the denial of the petition for habeas corpus.

The petitioner contends that since his petition for habeas corpus set forth allegations sufficient to require the granting of a plenary hearing, his claims cannot be considered frivolous. Therefore, the petitioner says, the trial court should have appointed counsel to appeal the denial of his petition for habeas corpus and to pursue those claims in this court.

The Attorney General contends, on the other hand, that the appointment of counsel was a matter within the sound discretion of the trial court. That being so, the Attorney General says, mandamus will not lie to permit this court to review the action of the trial court.

The petitioner relies upon such decisions of the United States Supreme Court as *Douglas* v. *California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. ed. 2d 811 (1963), *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799 (1963), and *Powell* v. *Alabama*, 287 U. S. 45, 53 S. Ct. 55, 77 L. ed. 158 (1932), and upon our decision in *Cabaniss* v. *Cunningham*, 206 Va. 330, 143 S.E. 2d 911 (1965), to support his contention that counsel should have been appointed for his habeas corpus appeal. The petitioner acknowledges that those decisions apply to the appointment of counsel in criminal trials and direct appeals, but he argues that the reasoning of the cases is applicable as well to habeas corpus appeals.

The United States Supreme Court has not ruled, however, that counsel must be appointed to appeal the denial of a habeas corpus petition. In fact, in *Long* v. *District Court of Iowa*, 385 U.S. 192, 87 S. Ct. 362, 17 L. ed. 2d 290 (1966), the court was presented a petition for certiorari alleging that the state court had erred in failing to appoint counsel to appeal the denial of a habeas corpus petition and in refusing to provide a free transcript of the habeas corpus hearing. The Supreme Court granted certiorari limited solely to the question of the refusal of the transcript and reversed the state court on that ground alone.

We are of opinion that it was within the sound discretion of the trial court whether to appoint counsel to appeal the denial of the petition for habeas corpus filed by the petitioner. The trial court heard the petitioner's evidence at the plenary hearing. The court was obviously satisfied that the claims advanced were without merit, and so dismissed the petition and refused to appoint counsel to appeal.

It is true that the fact that the trial court granted the petitioner a plenary hearing would indicate that the *allegations* of the petition for habeas corpus were not frivolous. But that does not mean that the trial court could not find the petitioner's claims to be frivolous after hearing the *evidence* in support of the allegations. And if the claims were found to be frivolous, there was no duty upon the trial court to appoint counsel to appeal.

Mandamus does not lie to compel the performance of a discretionary act. *Griffin* v. *Board of Supervisors*, 203 Va. 321, 328, 124 S.E. 2d 227, 233 (1962). Since the appointment of counsel in this case was a matter within the discretion of the trial court, it follows that the petitioner is not entitled to a writ of mandamus requiring such appointment.

*Petition granted in part and denied in part.*