## Stephen T. Gannon

### v.

## State Corporation Commission, et al.

Record No. 911765

April 17, 1992

Present: All the Justices

*John V. Robinson (Stephen T. Gannon; Michael V. Hernandez; McSweeney, Burtch & Crump*, on brief), for appellant.

*Joel H. Peck (Stewart E. Farrar; Anthony J. Gambardella*, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this proceeding, which invokes this Court's original jurisdiction, we consider whether mandamus is a proper remedy.

Stephen T. Gannon, by letter, filed a Virginia Freedom of Information Act request, seeking certain records in the possession and control of the State Corporation Commission (Commission). The request was sent to Lewis W. Brothers, Jr., director of the Commission's Division of Securities and Retail Franchising and to William Bridge, clerk of the Commission.

Joel H. Peck, senior counsel to the Commission, denied Gannon's request by stating in a letter that "[t]he State Corporation Commission has long maintained that it is not subject to the [Virginia Freedom of Information Act]" and that Code § 13.1-518(B) prohibits disclosure of the requested information.* In a subsequent letter, a copy of which was sent to Gannon, Peck stated, "[I]f Mr. Gannon was dissatisfied with my response, his next step should have been to pursue the remedies available under the Commission's Rules of Practice and Procedure."

Gannon did not seek a review of Peck's decision by the Commission. Rather, he filed in this Court a Petition for Writ of Mandamus Against the Commission, its Commissioners, its Division of Securities and Retail Franchising, and certain of its employees. Gannon requested that this Court issue a writ of mandamus requiring that the Commission produce the requested documents for inspection as purportedly required by the Virginia Freedom of Information Act, Code § 2.1-340, *et seq*. The Commission filed responsive pleadings, including a motion to dismiss the Petition because "[t]he elements necessary for the issuance of a writ of mandamus are absent."

Mandamus is an extraordinary remedy which may be used to compel a public official to perform a duty which is purely

---

* Code § 13.1-518(B) states, in part: "Information or documents obtained or prepared by any member, subordinate or employee of the [State Corporation] Commission in the course of any examination or investigation conducted pursuant to the provisions of this chapter shall be deemed confidential and shall not be disclosed to the public."

ministerial and which is imposed upon the official by law. *Richlands Medical Assoc.* v. *Commonwealth*, 230 Va. 384, 386, 337 S.E.2d 737, 739 (1985). We have consistently stated the principles which govern the issuance of a writ of mandamus:

> A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion. Due to the drastic character of the writ, the law has placed safeguards around it. Consideration should be had for the urgency which prompts an exercise of the discretion, the interests of the public and third persons, the results which would follow upon a refusal of the writ, as well as the promotion of substantial justice. In doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and *where there is no other available specific and adequate remedy* the writ will issue.

*Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 151-52, 104 S.E.2d 813, 816 (1958) (emphasis added). *See also Early* v. *Province*, 218 Va. 605, 609, 239 S.E.2d 98, 101 (1977); *Prince William Co.* v. *Hylton Enterprises*, 216 Va. 582, 584, 221 S.E.2d 534, 536 (1976); *Railroad Company* v. *Fugate*, 206 Va. 159, 162, 142 S.E.2d 546, 548 (1965).

Gannon's petition must be dismissed because he has an adequate remedy at law. Rule 3:2 of the Rules of the Commission states:

> Administrative acts of officers and employees are the acts of the Commission, subject to review by the Commissioner under whose assigned supervision within the Commission's internal division the function was performed.

Rule 3:3 of the Rules of the Commission states, in part:

> Anyone dissatisfied with any administrative action of an employee should make informal complaint to the division head, and if not thereby resolved, may present a complaint . . . for review by the Commissioner under whose supervision the division head acted.

Rule 3:4 of the Rules of the Commission states:

Upon written petition of any person in interest dissatisfied with any action taken by a division of the Commission, or by its failure to act, resulting from disputed facts *or from disputed statutory interpretation or application*, the Commission will set the matter for hearing. If the dispute be one of law only, in lieu of a hearing, the Commission may order a stipulation of facts and submission of the issues and argument by written briefs. Oral argument in any such case shall be with the consent of the Commission.

(Emphasis added).

As illustrated above, Rules 3:2, 3:3, and 3:4 permit Gannon to challenge Peck's interpretation that the Commission is not subject to the Virginia Freedom of Information Act. Gannon, however, failed to avail himself of this legal remedy. It is of no consequence that Gannon believes that the Commission may have denied his request. We cannot say as a matter of law that the Commission would have rejected Gannon's legal contention. Because mandamus is an extraordinary remedy, Gannon is required to avail himself of his "specific and adequate remedy" under the Commission's Rules before seeking a writ of mandamus in this Court.

Therefore, we do not consider whether the Commission must comply with the provisions of the Virginia Freedom of Information Act. Rather, we will dismiss Gannon's petition because mandamus does not lie.

*Dismissed.*