RAYMOND MORRISSETTE

v.

PATRICIA S. McGINNISS, ET AL.

Record No. 921868

November 5, 1993

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Keenan, JJ.,
and Harrison, Retired Justice

*Andrew M. Sacks (Michael F. Imprevento; Sacks, Sacks & Imprevento*, on briefs), for appellant.
*William G. Broaddus (Robert L. Hodges; Jean Masten Kelly, County Attorney; McGuire, Woods, Battle & Boothe*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

According to the Virginia Water and Sewer Authorities Act, Code §§ 15.1-1239 to -1270, the governing body of a political subdivision may create a combination water, sewer, sewage disposal, and garbage and refuse collection and disposal authority by ordinance after holding a public hearing on the question of its adoption and after approval at a referendum, if one be ordered. Code § 15.1-1241. The Act also provides that at such hearing, if "substantial opposition is heard," the governing body "may" call for a referendum or "if ten per centum of the qualified voters in such subdivision file a petition

with the governing body at the hearing calling for a referendum such governing body shall order a referendum." Code § 15.1-1244.

This appeal stems from a trial court's refusal to grant a citizen's "Petition For Mandamus" seeking to force a local governing body to hold a referendum on the question of adopting an ordinance creating such an authority. The central appellate issue is whether mandamus will lie under the circumstances of this case. The chronology is important.

On April 21, 1992, appellee King George County Board of Supervisors, after publication and notice required by Code § 15.1-1243, held a public hearing on the question of adoption of an ordinance creating the King George County Service Authority. The purpose for which the Authority was to be formed was to acquire, construct, operate, and maintain facilities in the County for (1) a water supply, treatment, and distribution system, (2) a sewage collection, disposal and treatment system, and (3) a garbage and refuse collection and disposal system.

At the hearing, appellant Raymond Morrissette, a County citizen, presented to the Board petitions, purportedly signed by ten percent of the County's qualified voters, requesting the Board to arrange for a referendum to be held on the question of establishing the Authority. At the hearing, the Board denied the petitions and enacted the ordinance establishing the Authority. The appellate record does not reveal why the Board rejected the petitions and refused to call for a referendum.

The Board then filed articles of incorporation for the Authority with the State Corporation Commission, as authorized by Code § 15.1-1245. On April 29, 1992, the Commission issued a certificate of incorporation of the King George County Service Authority and declared that the Authority was authorized to transact business. The Act provides that after an authority's certificate of incorporation has been issued, "such authority shall be conclusively deemed to have been lawfully and properly created and established and authorized to exercise its powers." Code § 15.1-1246.

On May 5, 1992, appellee Patricia S. McGinniss, General Registrar for the County, responded to a request from the County Attorney and certified to the Board "that the petitions submitted in this matter did not meet the ten-percent requirement for a referendum." Following the certification, the Registrar was repeatedly asked by citizens to change her certification, and she refused to do so.

On May 7, 1992, the court below considered the petitions, which by then had been filed in the circuit court clerk's office, and ruled, after argument by counsel for Morrissette and the Board, that the petitions were "in substantial compliance" with the ten-percent requirement of Code § 15.1-1244.

In June 1992, two special meetings of the Authority's Board were held. The Board adopted bylaws, elected officers, and authorized the acquisition of assets and assumption of obligations of the two County sanitary districts.

On July 24, 1992, the present petition for a writ of mandamus was filed by Morrissette, naming as respondents the Registrar and the County Board. Morrissette alleged that the petition presented at the April public hearing "contained sufficient number of signatures" to require the County Board to hold a referendum on the question whether to establish the Authority. Asserting that many citizens attending the public hearing "vehemently expressed their opposition to the adoption" of a public service authority, Morrissette alleged that the County Board improperly rejected the petitions and that the Registrar incorrectly certified that the petitions failed to meet the statutory requirements, thereby failing to discharge lawfully the duties of her office.

In the prayer of the petition for mandamus, Morrissette asked the trial court to order the Registrar to amend and correct her certification to show that the required number of qualified voters had signed the petitions for referendum. He also asked the trial court to order the County Board, upon receipt of the amended certification, "to comply with the law" by holding a referendum on the subject issue.

Responding, the Registrar and the County Board filed a demurrer and a motion for summary judgment, asserting, *inter alia*, that mandamus does not lie under these circumstances and that the results of any referendum would be moot because, in view of the State Corporation Commission's order, the Authority is conclusively deemed to have been established according to law under Code § 15.1-1246.

Following argument of counsel at a September 1992 hearing, the trial court granted the motion for summary judgment. We awarded Morrissette an appeal from the order dismissing the mandamus petition.

On appeal, Morrissette argues that the trial court erred in granting the motion for summary judgment because the facts alleged "established that the Registrar and Board refused to discharge their ministerial duties under the law to conduct a referendum on a proposed

Public Service Authority.'' We do not agree that the trial court erred.

Mandamus is an extraordinary remedy that may be used to compel a public official to perform a purely ministerial duty imposed upon the official by law. *Gannon* v. *State Corp. Comm'n*, 243 Va. 480, 481-82, 416 S.E.2d 446, 447 (1992). Mandamus is not awarded as a matter of right but in the exercise of a sound judicial discretion; the writ will be denied in doubtful cases or where there is other available, specific, and adequate remedy. *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 151-52, 104 S.E.2d 813, 816 (1958).

A trial court's function in a mandamus proceeding is not to inquire and adjudicate but to command and execute. *Richlands Medical Ass'n* v. *Commonwealth*, 230 Va. 384, 387, 337 S.E.2d 737, 739 (1985). Mandamus is applied prospectively only and will not be used to undo an act already done; it lies to compel, not to revise or correct action, however erroneous the action may have been; it is not used as a substitute for appeal, the remedy for erroneous decisions. *Board of Supervisors* v. *Combs*, 160 Va. 487, 498, 169 S.E. 589, 593 (1933).

In the present case, Morrissette seeks to use mandamus to revise or correct the allegedly erroneous action of the Registrar and the County Board and attempts to undo acts already done by the Registrar, the Board, and the State Corporation Commission. He charges the Registrar with failing to properly certify the validity of the petitions; he charges the Board with unlawfully refusing to call for a referendum. Those acts had been performed at the time the mandamus petition was filed and could not be undone by mandamus. Morrissette should have taken prompt action immediately after the public hearing to seek judicial review of those allegedly erroneous actions.

Of greater significance, however, is the effect of the Commission's order issuing the Authority's corporate charter. As we have noted, Code § 15.1-1246 provides that when the charter is issued, ''such authority shall be conclusively deemed to have been lawfully and properly created and established and authorized to exercise its powers.'' That order was unchallenged and became final. Therefore, no subsequent act of the Registrar or the County Board could affect the force of the Commission's order or undo the creation of the Authority once the conclusive presumption of § 15.1-1246 attached.

Thus, the trial court correctly ruled that mandamus would not lie under the circumstances of this case.

On appeal, Morrissette argues, alternatively, that even if mandamus was "unavailable," there existed genuine issues of material fact regarding "the appropriateness of injunctive relief against the Board to conduct a referendum." Morrissette contends that his mandamus petition asked for injunctive relief in addition to mandamus and that the trial court erroneously entered summary judgment disposing of the entire petition. There is no merit to this argument.

■ An injunction against the County Board could not lawfully restrain the Service Authority, a corporate body, which was conclusively deemed to be lawfully established and which has the power to sue and be sued according to Code § 15.1-1250(e). Thus, the trial court did not err in failing to grant injunctive relief.

Consequently, the judgment below will be

*Affirmed.*