## CLARENCE G. WILLIAMS,
## SHERIFF OF CHESTERFIELD COUNTY

### V.

## D. BROCK MATTHEWS

Record No. 931690

September 16, 1994

Present: All the Justices

*Steven L. Micas, County Attorney (Jeffrey L. Mincks, Deputy County Attorney; Lisa C. Dewey, Assistant County Attorney,* on briefs), for appellant.

*D. Brock Matthews* for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this mandamus appeal, the dispositive question is whether Virginia's detinue statutes authorize and require a sheriff to break and enter a dwelling house, without the occupant's permission, for the purpose of seizing personal property pretrial, in execution of a court order entered ex parte in accord with such statutes.

Code § 8.01-114 governs proceedings in detinue to recover personal property unlawfully withheld from a plaintiff and requires a petition to be filed for pretrial seizure. Such petition shall describe "the kind, quantity and estimated fair market value of the specific

personal property as to which plaintiff seeks possession;" the particular basis of the plaintiff's claim; and, specific facts to support the ground or grounds that require prompt action to recover the property.

The statute further provides that, upon filing of the petition, a judge or magistrate "may issue an order . . . directed to the sheriff . . . commanding him to seize the property . . . and deliver same to the plaintiff pendente lite. . . ." Code § 8.01-114(A)(3). The statute also provides that the "judge or magistrate may issue such an order . . . in accordance with the prayer of the petition after an ex parte review of the petition" only upon a determination that the petition is in proper form and that "there is reasonable cause to believe that the grounds for detinue seizure described in the petition exist." Code § 8.01-114(B).

The statute further provides that the judicial officer may receive evidence only in the form of a sworn petition filed with the papers in the case, Code § 8.01-114(C), and that the "order commanding the seizure of property" shall be served with a form for requesting a hearing on a claim of exemption from seizure, Code § 8.01-114(D).

Code § 8.01-115 provides that no such order shall be issued until a bond is posted in a penalty at least double the estimated fair market value of the property claimed, with a condition to redeliver the seized property to the defendant if the right to the possession shall be adjudged against the plaintiff. Code § 8.01-116 provides a procedure for return of the property to the defendant upon execution of a bond. Code § 8.01-119 establishes a procedure for a prompt hearing to review the issuance of the pretrial order, and Code § 8.01-121 provides for entry of final judgment in the detinue proceeding and for disposition of the property or proceeds according to the rights of the parties.

In the present case, appellee D. Brock Matthews filed a petition for a writ of mandamus against appellant Clarence G. Williams, Sheriff of Chesterfield County, asserting that defendant "has repeatedly and continuously refused to execute Detinue Seizure Orders" entered by judges of general district courts and magistrates, "thereby defeating the legislative mandate and ignoring Court orders." Matthews, an attorney representing certain creditors, alleged that defendant "has caused the loss of undeterminable quantities of property belonging to various plaintiffs" and that the refusal to execute the court orders has caused loss of bond premi-

ums paid as required by Code § 8.01-115. The attorney asked the trial court to enter a writ of mandamus directed to the Sheriff "compelling him to execute Detinue Seizure Orders."

Responding, the Sheriff denied that he has defeated the legislative mandate or has ignored court orders. Instead, he asserted, he has diligently attempted to execute all detinue seizure orders but "he is not authorized to break and enter an individual's premises to recover the property without said individual's permission." Further, the Sheriff denied that Matthews was entitled to the relief sought.

The trial court conducted an evidentiary hearing on the mandamus petition at which both parties testified. Matthews represents clients that offer consumer goods on a "rent-to-own" basis. Such clients lease televisions, refrigerators, and other articles to consumers and apply some portion of the rental payment to the ultimate purchase price of the article. If the lessee fails to comply with the terms of the rental agreement, and there is evidence that the property will be destroyed, sold, or otherwise disposed of so as to be unavailable when there is a final judgment respecting it, Matthews, on behalf of his client, will seek a seizure order prior to the trial of the underlying proceeding in detinue.

During his testimony, Matthews presented as evidence several detinue seizure orders, with supporting court papers, entered by judges of general district courts. The orders, directed "To The Sheriff," state: "You are commanded to seize (levy and take into possession) the items listed on attached Detinue Seizure Petition, deliver the same to the Plaintiff(s), and make your return on the reverse side of this Order." Each order, entered without notice to the defendant, contains defendant's name and address and a summons to appear before the court for a hearing on the date and at the time set forth in the order.

Stating that he seeks a writ of mandamus requiring the Sheriff "to forcibly enter residences in order to execute pre-judgment detinue seizure orders," Matthews testified that the Sheriff has refused to enter premises without permission even though Matthews has offered to provide the Sheriff with the services of a locksmith to assist in the entry. Matthews also testified "that in the majority of cases, the property which is the subject of the pre-judgment detinue seizure order is not recovered."

The Sheriff testified that "his office executes every detinue seizure order by attempting to levy on the property and by serving

the debtor with the proper papers." He said that if the debtor refuses entry, he will not break into the debtor's home or any other premises to recover property and that he refuses to use a locksmith for the purpose. The Sheriff maintained that neither the applicable statutes nor the detinue seizure order authorizes or requires him "to break into the debtor's home to recover property."

The Sheriff testified that no showing of probable cause is required for issuance of the seizure order; the order does not provide the location of the property but only provides the debtor's address. The Sheriff stated he is unable to verify that the property subject to the seizure order is located at the debtor's address. He maintained that "in the majority of cases the property subject to the prejudgment detinue seizure order is recovered."

Following the hearing, the trial court granted Matthews' petition. Observing that pretrial detinue seizure orders issued by judges and magistrates are based on "reasonable cause," the court ruled that a forced entry by a sheriff pursuant to such an order does not constitute "an illegal breaking and entry in violation of any statutory or constitutional rights of a prejudgment debtor." The court further decided that the Sheriff's failure "to force entry into a premises where personal property is located subject to a detinue seizure order effectively undermines the statutory scheme for prejudgment levies and attachments."

Thus, the trial court issued a writ of mandamus directing the Sheriff "to use due diligence and reasonable means to execute all validly issued detinue seizure orders and to take all appropriate action necessary to seize personal property subject to such orders to include forced entry into the premises where such property is located or believed to be located." We awarded the Sheriff an appeal from the August 1993 order.

 Mandamus is an extraordinary remedy that may be used to compel a public official to perform a purely ministerial duty imposed upon the official by law. *Gannon* v. *State Corp. Comm'n*, 243 Va. 480, 481-82, 416 S.E.2d 446, 447 (1992). "The writ will issue where the petitioner has a clear right to the relief sought, the respondent has a legal duty to perform the act which the petitioner seeks to compel, and there is no adequate remedy at law." *Early Used Cars, Inc.* v. *Province*, 218 Va. 605, 609, 239 S.E.2d 98, 101 (1977).

On appeal, the Sheriff contends that Virginia law does not impose a clear, ministerial duty on him to forcibly enter houses to

execute pretrial detinue seizure orders. Thus, he argues, mandamus does not lie.

The Sheriff also contends that even though Virginia's statutory scheme complies with Fourteenth Amendment due process standards, *see Mitchell* v. *W.T. Grant Co.*, 416 U.S. 600 (1974), he may not constitutionally enter a home forcibly to execute a pretrial detinue seizure order because the Fourth Amendment warrant requirement is not satisfied by the statutory procedure. Because Virginia law gives a sheriff no authority to break and enter a dwelling to seize property under such an order, he contends, he exposes himself to civil and criminal penalties if he attempts to do so.

Responding to the Sheriff's first contention, Matthews argues that mandamus is appropriate because "Virginia law authorizes breaking into a person's house if necessary" to execute a court's prejudgment detinue order. He notes that "Virginia's detinue seizure statute specifically provides for pretrial *seizure* of personal property unlawfully withheld from a plaintiff." Thus, he argues, "Statutory authority for pretrial seizure must, by necessary implication, if not by definition, include the authority to employ whatever means are necessary to effectuate the seizure."

Continuing, Matthews contends that when the General Assembly "authorized the court to *command* the seizure of property, it could scarcely have intended that such seizure would be lawful only if the defendant were present at the place of seizure and gave his permission for the property to be seized," thus giving "control of whether or not property could be seized under authority of the statute to the person who is unlawfully detaining the property." Concluding, he says that because "the forcible taking of particular property is implicit in an order for seizure of such property, no further authorization is required." We do not agree that mandamus lies under these circumstances.

As we have said, the extraordinary remedy of mandamus is appropriate where the petitioner has a "clear right" to relief and the respondent has a "legal duty" to perform the act demanded. Therefore, we must turn to the statutes to determine whether such components exist.

■ The common law of England continues in full force within the Commonwealth and is the rule of decision, "except as altered by the General Assembly." Code § 1-10. In order to abrogate the common law, the General Assembly's intent to do so must be

plainly manifested. *Wackwitz v. Roy*, 244 Va. 60, 65, 418 S.E.2d 861, 864 (1992).

■ Under the common law, it was unlawful for a sheriff to break the doors of a person's house to arrest that person in a civil suit in debt or trespass. "Such action invades the precious interest of privacy summed up in the ancient adage that a man's house is his castle." *Miller v. United States*, 357 U.S. 301, 307 (1958). This venerable principle underlies the whole law dealing with the right to break and enter a dwelling house for civil recovery of property. *Vanden Bogert v. May*, 55 N.W.2d 115, 117 (Mich. 1952).

The question then becomes whether the General Assembly has plainly manifested an intent to abrogate this common law principle. We hold that it has not.

■ In none of the statutes governing pretrial detinue seizure orders is there explicit authority for a sheriff to forcibly enter a dwelling house to execute such orders. Matthews recognizes this, for he argues that the forcible taking of personal property "is implicit" in a seizure order.

The statutory authorization for issuance of such an order "commanding" the sheriff "to seize" based upon "reasonable" cause is not a plain manifestation of the General Assembly's intent to empower sheriffs to break and enter a dwelling pretrial to accomplish the seizure. Although one definition of the verb "seize" is "to take possession of forcibly," Black's Law Dictionary 1359 (6th ed. 1990), we do not discern an intention of the General Assembly to sanction by implication forcible entry of houses pretrial, given the serious Fourth Amendment problems created by such entry. *See Soldal v. Cook County*, ____ U.S. ____, ____; 113 S.Ct. 538, 546 n.11 (1992) ("the protection against unreasonable searches and seizures fully applies in the civil context"); *United States v. United States District Court*, 407 U.S. 297, 313 (1972) ("physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed").

This lack of a clear mandate from the legislature becomes even more significant when other statutes dealing with the law of creditors' rights are compared with the statutes in question. The common law principle at issue has been expressly abrogated by the General Assembly in connection with other types of seizures. For example, Code § 8.01-491 provides: "An officer into whose hands an execution is placed to be levied, may, if need be, break open

the outer doors of a dwelling house in the daytime, after having first demanded admittance of the occupant, in order to make a levy. . . ." Similarly, Code § 55-235 provides that an officer executing a distress warrant, or an attachment for rent, "if there be need for it, may, in the daytime, break open and enter into any house or close in which there may be goods liable to the distress or attachment, and may, either in the day or night, break open and enter any house or close wherein there may be any goods so liable which have been fraudulently or clandestinely removed from the demised premises."

When a statute contains a given provision with reference to one subject, the omission of such provision from a similar statute dealing with a related subject is significant to show the existence of a different legislative intent. 2B *Sutherland Statutory Construction* § 51.02 (5th ed. 1992). *See City of Virginia Beach v. Virginia Restaurant Ass'n, Inc.*, 231 Va. 130, 134, 341 S.E.2d 198, 200 (1986). Omission of express authorization for forcible entry relating to pretrial detinue seizure orders, when such authority is expressly given in similar statutes relating to the opportunity for forced entry, casts considerable doubt whether the General Assembly intended to authorize forced entry in connection with execution of pretrial detinue seizure orders. Certainly, there is no plain manifestation of an intent to abrogate the common law with reference to such orders.

Because our ruling on the first issue raised by the Sheriff disposes of the appeal, we do not address his argument based on the Fourth Amendment warrant requirement.

Consequently, we hold that the trial court erred in issuing the writ of mandamus. Thus, the judgment appealed from will be reversed and the petition for mandamus will be dismissed.

*Reversed and dismissed.*