TOWN OF FRONT ROYAL

V.

FRONT ROYAL AND WARREN COUNTY
INDUSTRIAL PARK CORPORATION

Record No. 931669

November 4, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Hassell, and Keenan, JJ.,
and Poff, Senior Justice

*Mark D. Obenshain (Glenn M. Hodge; Wharton, Aldhizer & Weaver*, on briefs), for appellant.

*Robert C. Fitzgerald (Myron C. Smith; Hazel & Thomas*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether mandamus is a proper remedy in an action to compel a municipality to comply with terms for provision of sewer services in a decree previously entered by an annexation court.

Front Royal and Warren County Industrial Park Corporation (IPC) acquired 86 acres of industrial land in Warren County in 1973 and 1974. IPC along with owners of adjacent property subdivided their lands, creating 22 lots. IPC owns lots 1 through 16.

IPC and other Warren County property owners asked the Town of Front Royal to annex 595.8 acres, including IPC's property. An annexation court was appointed in 1978, and it issued a decree

granting the requested annexation. The decree provided that annexation would become effective on December 31, 1978. Paragraph 5(b) of the annexation decree states:

*Sewer Facilities*: The Town of Front Royal shall proceed to construct interceptor and collector sanitary sewer lines in the areas herein decreed to be annexed and shall construct two pumping stations therein . . . one to be located in the area annexed belonging to the original petitioners, and the other to be located on the area annexed belonging to R. Alton Morrison, as soon as they become reasonably necessary and it becomes economically feasible so to do to serve the residents of the annexed area or any industrial concerns which locate therein but said improvements including the two pumping stations referred to above shall be completed within five years from the effective date of annexation.

In July 1984, IPC filed a formal application with the Town, requesting that the Town construct sewer lines to the property lines of each of IPC's 16 lots. IPC also filed a motion with the annexation court, seeking a decree requiring the Town to construct collector lines to the individual lots located in the annexed area.

The annexation court reconvened in 1984 and considered IPC's motion. The court considered evidence, including plans for the Town's proposed sewer extensions, and held that the Town was in substantial compliance with the 1978 decree because the Town had presented to the court plans for sewer extension to a portion of the annexed area. The court denied IPC's request for injunctive relief. Neither IPC nor the Town appealed the 1984 annexation court's judgment.

Subsequently, the Town constructed certain sewer lines in accordance with plans that were reviewed by the annexation court incident to its 1984 judgment. Even though the sewer lines extend across several of IPC's lots, these lines do not provide sewer service to each of the lots.

In February 1986, the Town Council considered IPC's 1984 application for sewer service to its lots. The Town refused to provide the requested service because the Town believed there were not sufficient residents in the annexed area "who needed and could utilize such service." IPC filed an action in the federal district court and, upon appeal, the United States Court of Appeals for

the Fourth Circuit directed the federal courts to abstain from deciding IPC's action. *Industrial Park Corp.* v. *Town of Front Royal*, 945 F.2d 760 (4th Cir. 1991), *cert. denied*, ____ U.S. ____, 112 S.Ct. 1477 (1992).

IPC initiated this action by filing a petition for writ of mandamus and other relief. IPC asserted that the 1978 decree imposed a ministerial duty upon the Town to provide sewer service to each of the 16 subdivided lots. IPC also sought monetary damages. The Town filed responsive pleadings opposing IPC's petition. IPC filed a motion for partial summary judgment that was sustained by the trial court.

The trial court held that the 1978 annexation decree required the Town to construct interceptor and collector sanitary sewer lines to IPC's property, and the December 28, 1984 order did not alter the decree. The court also held that the Town did not have discretion to decide whether to extend sewer service to the properties in the annexed area.

The trial court granted the writ of mandamus, requiring the Town to plan and construct sewer collectors to each of IPC's lots. The court imposed a civil fine of $300 per day if construction of the lines was not completed by May 1, 1994. The court sustained the Town's demurrer "as to claims for damages herein except for claims under 42 U.S.C. § 1983 and § 1988" and declined to exercise jurisdiction over those claims. We awarded the Town an appeal.

Mandamus is an extraordinary remedy which may be used to compel a public official to perform a purely ministerial duty that is imposed upon the official by law. *Williams* v. *Matthews*, 248 Va. 277, 281, 448 S.E.2d 625, 627 (1994); *Gannon* v. *State Corp. Comm'n*, 243 Va. 480, 481-82, 416 S.E.2d 446, 447 (1992). "The writ will issue where the petitioner has a clear right to the relief sought, the respondent has a legal duty to perform the act which the petitioner seeks to compel, and there is no adequate remedy at law." *Early Used Cars, Inc.* v. *Province*, 218 Va. 605, 609, 239 S.E.2d 98, 101 (1977). Additionally, "[i]n doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and *where there is no other available specific and adequate remedy* the writ will issue." *Gannon*, 243 Va. at 482, 416 S.E.2d at 477 (quoting *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 151-52, 104 S.E.2d 813, 816 (1958)).

The Town argues that the trial court erred "by interpreting the 1978 [a]nnexation [d]ecree to impose on the Town an absolute ministerial duty requiring the extension of sewer lines to the property lines of each of the 16 Industrial Park Corporation parcels." The Town, in support of this argument, contends that the decision to extend additional sanitary sewer lines is discretionary and mandamus may be employed only to compel a public official to perform a purely ministerial duty. The Town also asserts that the judgment entered by the 1984 annexation court established that the 1978 decree gave the Town discretion in deciding whether to extend sewer lines to IPC's property. IPC argues that the 1978 annexation decree imposed upon the Town a ministerial duty to construct sewer lines to the individual subdivided lots and the 1984 order did not, and could not, modify the terms of the 1978 decree. We agree with IPC.

■ Contrary to the Town's assertion, the 1978 decree imposes a ministerial duty upon the Town to construct sewer lines to IPC's individual lots. The plain language in that decree expressly orders the Town to construct "interceptor and collector sanitary sewer lines in the areas herein decreed to be annexed."* The same paragraph in the decree also specifies that those lines "shall be completed within five years from the effective date of annexation."

It is true that Paragraph 5(b) of the decree gives the Town some discretion to construct the interceptor and collector sewer lines "as soon as they become reasonably necessary and it becomes economically feasible so to do to serve the residents of the annexed area or any industrial concerns which locate therein." That discretion, however, is limited by the express language in the decree requiring that the Town construct the sewer lines within five years from the effective date of annexation. Simply stated, the Town's discretion is limited; the Town was required to exercise that discretion within five years from the date of the annexation decree.

---

* An interceptor sewer is defined as "a sewer whose primary purpose is to transport wastewaters from collector sewers to a treatment facility. . . . As the name implies, it means that the sewers intercept polluted drains flowing into any uncontrolled areas such as a river." A collector sewer is defined as "the common lateral sewers, within a publicly owned treatment system, which are primarily installed to receive wastewaters directly from facilities which convey wastewater from individual systems, or from private property." A lateral sewer is defined as "pipes that run under city streets and receive the sewage from homes and businesses." C.C. Lee, *Environmental Engineering Dictionary* 344-45 (2d ed. 1992).

■ We decline the Town's invitation to construe the 1984 annexation court order as an affirmation of the Town's purported unlimited discretion to decide whether to extend sewer lines to each of IPC's 16 parcels. The reconvened annexation court's powers are limited to the enforcement of the terms and conditions of the 1978 annexation decree. The annexation court may not be reconvened for the purpose of reconsidering or rehearing its prior orders. *Portsmouth* v. *Chesapeake*, 205 Va. 259, 271, 136 S.E.2d 817, 826 (1964).

■ The Town argues "[t]he 1984 hearing transcript does not support a finding that the annexation court intended to impose an absolute duty upon the Town to extend sewer lines to each individual lot." IPC, also relying upon the transcript of the 1984 reconvened annexation court proceedings, argues that the transcript "leaves no doubt that the 1978 annexation court's decree ordered the installation of collector sewer lines to serve the areas annexed, including the lots of the Industrial Park." We decline to consider these arguments because, as we have repeatedly said, "[a] court of record speaks only through its written orders." *Hill* v. *Hill*, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984); *Martin* v. *Coleman*, 234 Va. 509, 510, 362 S.E.2d 732, 733 (1987).

The Town argues that mandamus is not a proper remedy because "[i]n this case, [IPC] is attempting to use mandamus as a means to revise or correct actions already taken by the Town Council. The act complained of is the Town Council's rejection of [IPC's] formal application for sewer service. The writ of mandamus requires the Town to reverse the action it took on [IPC's] application in 1986, and to build the sewer lines requested in the formal application." The Town cites *Morrissette* v. *McGinniss*, 246 Va. 378, 436 S.E.2d 433 (1993) in support of its contention.

We disagree with the Town. *Morrissette* simply does not support the Town's position. There, the petitioners sought a writ of mandamus to revise or correct the allegedly erroneous action of a registrar, the County Board, and the State Corporation Commission. The petitioner in *Morrissette* argued that the registrar had failed to certify properly the validity of referendum petitions and that the county board acted unlawfully by refusing to call for a referendum. We observed that these alleged acts had already been performed at the time the mandamus petition was filed and "could not be undone by mandamus." *Id.* at 382, 436 S.E.2d at 435.

■ Here, unlike the defendants in *Morrissette*, the Town is required, by the 1978 court decree, to perform a prospective nondiscretionary act. The trial court's order issuing the writ of mandamus compels the Town to comply with that decree. We also observe, as the trial court found, that IPC has met each requirement necessary for the issuance of the writ. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE KEENAN join, dissenting.

In 1984, the reconvened annexation court, in a written order, made a substantive ruling interpreting the 1978 annexation decree. In the December 1984 order, the annexation court implicitly decided that the Town retained some discretion, under the annexation decree, in deciding whether to grant requests for extensions of sewer service to the specific lots involved in this controversy.

The 1984 ruling, which ought to preclude mandamus relief in this case, arose against the following background. The pertinent part of the 1978 annexation decree provided that the Town "shall proceed to construct interceptor and collector sanitary sewer lines in the areas herein decreed to be annexed . . . as soon as they become reasonably necessary and it becomes economically feasible so to do to serve the residents of the annexed area or any industrial concerns which locate therein but said improvements . . . shall be completed within five years from the effective date of annexation." The deadline was later extended from five to seven years.

In 1983, an engineer engaged by the Town designed a sewer system for the annexed area. The proposed plan provided for pump stations ordered by the annexation court, and trunk lines that would make sewer service available to the entire annexed area, including the Industrial Park Corporation property. The Corporation objected to the plan because it did not provide for construction of sewer lines to each individual lot within its property.

In July 1984, then counsel for the Industrial Park Corporation wrote the Town's attorney stating they were "still in a disagreement" over the meaning of the 1978 annexation order. The Cor-

poration's attorney stated a belief that the order required "that the sewer and water lines are to be extended to the lot lines" of the Corporation's property and that "we will need an interpretation of this difference of opinion by the Court."

Thus, in November 1984 the Industrial Park Corporation and others filed in the court below a "Motion to Compel Compliance with Previous Orders of This Court and for Temporary Restraining Order." Asking that the annexation court be reconvened, the Corporation alleged that the annexation decree as well as "the applicable statutes, rules and regulations of the Town . . . would require that the Town . . . extend the sewer lines to the property lines of each individual petitioner and to the lot lines of each lot within the . . . Industrial Park." The motion further alleged that the Town's plans "fail to provide collector lines to all the individual lots in the Industrial Park." The Corporation also asserted that the Town's proposed plan violated the terms of the annexation decree.

The Corporation sought an injunction against the Town and sought a decree requiring the Town to construct collector lines to the Corporation's individual lots. The Corporation asked the reconvened court to "review the entire annexation proceedings and the compliance therewith by the Town."

The annexation court reconvened on December 13, 1984 to consider the Corporation's motion. After hearing evidence and argument of counsel, the court entered a written order on December 28, 1984.

As pertinent, the order provided that "the Town's revised plans of May, 1984 for the sewage extension . . . are in substantial compliance" with the 1978 annexation decree. The order further provided that the "prayer for an injunction will be denied." The Industrial Park Corporation did not appeal this order.

"Mandamus does not lie to compel the performance of a discretionary act." *Cooper* v. *Haas*, 210 Va. 279, 281, 170 S.E.2d 5, 7 (1969). And, the extraordinary remedy of mandamus may be employed only when the petitioner has a clear right to the relief sought.

Manifestly, the decision upon whether or when to extend additional sanitary sewer lines to the individual lots within Industrial Park Corporation's property involves the exercise of discretion that properly is reserved to the collective judgment of the Town's Council. The underlying purpose of that portion of the 1978 de-

cree dealing with sewer construction was generally to require extension of sewer service to residents who needed and who could utilize the service. Nowhere was there a specific mandate to extend collection lines to each discrete lot or parcel of land without regard to need for and use of the lines. In 1984 the reconvened court agreed with this interpretation and denied the relief sought by the Corporation, finding that the Town's proposed plan for sewer construction amounted to "substantial compliance" with the 1978 decree and its deadline.

Certainly, the Industrial Park Corporation has demonstrated no clear right to the relief sought. Therefore, I would hold that mandamus does not lie, reverse the judgment of the trial court, and enter final judgment in favor of the Town.