## CIRCUIT COURT OF LOUDOUN COUNTY

Mountain Venture Partnership
Lovettsville II
and James P. Campbell, Trustee

v.

Town of Lovettsville et al.

April 3, 1997

Case No. (Chancery) 17217

BY JUDGE JAMES H. CHAMBLIN

The Complainants, Mountain Venture Partnership Lovettsville II and James P. Campbell, Trustee, (collectively "Mountain Venture") have filed an amended bill of complaint against the Town of Lovettsville and its Town Council (collectively the "Town") seeking a writ of mandamus, injunctive relief, and a declaratory judgment that would require the Town to provide water and sewer service to the area of the town annexed in 1973 in which is located approximately 45 acres owned by Mountain Venture.

At the close of Mountain Venture's case in chief at the trial on March 3, 1997, the Town moved to strike the evidence because the annexation order did not place a mandatory duty on the Town to provide water and sewer service in the annexed area. After counsel argued, I took under advisement the issue of the duty of the Town under the annexation order to provide water and sewer service in the area annexed in 1973.

For the reasons that follow, I find that paragraph 9 of the annexation order entered March 27, 1973, does not impose a mandatory duty on the Town to

provide water and sewer service to the area annexed thereby. To this extent, the motion to strike is granted.

## Complainant's Evidence

By annexation order entered March 27, 1973, effective midnight December 31, 1973, the Town annexed approximately 500 acres of adjacent land located in Loudoun County. Paragraph 9 of the annexation order states:

> That from and after the effective date of annexation, the Town of Lovettsville will cause sanitary sewer and water service to be available to all residences and business establishments within or to be located in the area of annexation on the same basis and manner that such service is made available within the Town.

Mountain Venture offered into evidence other orders, pleadings, and a transcript in the annexation proceeding (marked as Complainant's Exhibits 2, 3, 4, 7, 8, and 9), but they were not admitted because the basis of Mountain Venture's claim is the annexation order and a "court of record speaks only through its written orders." *Martin v. Coleman*, 234 Va. 509, 510 (1987).

Mountain Venture also offered into evidence the annexation ordinance adopted by the Town Council on July 23, 1969 (marked as Complainant's Exhibit 5), but it was not admitted because it is irrelevant. See Virginia Code §§ 15.1-1033 and 15.1-1041(c). The annexation order establishes the Town's obligations and duties. They are not established by the ordinance which initiated the annexation process.

After the annexation, the Town constructed a sewer treatment plant and water and sewer system with the water provided by wells. The Town did not and has not extended water and sewer lines to serve all the land annexed in 1973 as well as the land originally in the Town.

Mountain Venture acquired its land by two purchases in 1988 and 1989. Although the evidence is unclear, it appears that Mountain Venture acquired a total of approximately 53 acres, of which approximately 45 acres is located in the part of the Town annexed in 1973. None of the land is served by the existing water and sewer system.

Mountain Venture acquired the land for development purposes. A general partner of Mountain Venture testified that the land has little or no value without utilities and that the land cannot be developed under its proffer agreement with the Town without water and sewer from the Town.

Since 1988 the Town has not had the capacity in its sewer treatment plant to serve the Mountain Venture land. Elaine Walker, Mayor of the Town, testified that the Town's sewer system has not had the capacity to serve any new development. Evidence was presented that the treatment plant is actually exceeding the maximum daily flow permitted under its existing permit.

The last development for which water and sewer capacity was available was approved in August 1988. The Town has approved no new development projects since August 1988, and any subdivision plat approved by the Town since that time contains a note that development is subject to the availability of water and sewer service.

Mountain Venture presented considerable evidence of the efforts of Mountain Venture and other similarly situated developers to reach an agreement with the Town which would result in the expansion of the sewer treatment plant to serve their properties. This occurred when the bid to construct the plant expansion came in higher than expected and the Town Council did not accept it. The developers' efforts have been unsuccessful. The Town has done nothing to expand the treatment plant.

### Legal Analysis

In its amended bill of complaint, Mountain Venture makes several different arguments in support of its prayer for relief against the Town. However, the only issue decided here on the motion to strike is the legal effect of paragraph 9 of the annexation order.

Mountain Venture argues that paragraph 9 places a mandatory duty on the Town to provide water and sewer service to its property.

Before examining the text of the subject paragraph, I must consider Mountain Venture's argument that the paragraph must provide such a mandatory duty because the Town could provide the annexed area something which the County could not, i.e., water and sewer service. As referred to above, it offered in evidence other orders, pleadings, and a transcript of the annexation proceeding. As noted above, these were not admitted in evidence.

In *Town of Front Royal v. Industrial Park Corp.*, 248 Va. 581 (1994), both parties asked the Supreme Court to consider arguments supported by transcripts of annexation court proceedings. The Supreme Court declined to consider such arguments because a court of record speaks only through its written orders. *Id.* at 586. For the same reason, I decline to consider Mountain Venture's arguments based upon any other order, pleading, or transcript in the annexation proceeding. The Town's duty, if any, must be based on the annexation court order.

A municipality acts and contracts in connection with the construction and operation of its municipal utility in its proprietary or individual capacity rather than in its legislative or governmental capacity and is governed by the same rules that control a private individual or business corporation. *Whitehead v. Development Corp.*, 204 Va. 144, 150 (1963). As such, the successful operation of a public utility is a business proposition involving the exercise of discretion and good judgment in management. *Id.* at 150. The municipality has discretion in the operation of a public utility that will not be interfered with by a court in the absence of bad faith or municipal *ultra vires*. McQuillin, *Municipal Corporations*, 3d ed., § 35.27, p. 529.

It is not within the province of a court to interfere with the reasonable discretion of the Town Council in the management and operation of its water and sewer system. The question of the extension of the system is within the sound discretion of the Town Council. McQuillin, *Municipal Corporations*, 3d ed., § 35.27, p. 530. The Town Council cannot be compelled by mandatory injunction to extend its water system because it is vested with discretion in regard to such governmental functions. This discretion, where exercised in good faith, cannot be controlled by mandatory injunction. It must be exercised fairly and reasonably. It must not be arbitrarily exercised. McQuillin, *Municipal Corporations*, 3d ed., § 35.25, p. 579.

The same discretion is vested in the Town Council as to the construction, operation, and expansion of a sewer system. Courts will not interfere with the exercise of such discretion unless there appears to be fraud, oppression, or arbitrary action. McQuillin, *Municipal Corporations*, 3d ed., § 31.17, p. 229.

With such discretion vested in the Town, it cannot be required to expand the water and sewer system unless, for purposes of the motion to strike, paragraph 9 of the annexation order requires it to do so.

I cannot find that paragraph 9 creates a mandatory duty on the Town. There is no direction to the Town to construct any facilities or a time period in which to complete them as found in the annexation order in *Front Royal*. The most crucial words of paragraph 9 are the last fifteen, "on the same basis and manner that such service is made available within the Town." These words show the purpose and real meaning of paragraph 9. This provision merely orders the Town to provide water and sewer service in the annexed area on the same basis and manner as it is provided in the Town (the old part of the Town before annexation). Without these last fifteen words, Mountain Venture may have an argument; however, the words are there and must be given effect. It merely provides that the Town cannot discriminate against property owners in the annexed area as to water and sewer service.

The annexation order does not impose any mandatory duty on the Town to provide water and sewer service to the area of annexation.