WILKINS, Circuit Judge,
concurring in judgment:
I am in full agreement with the result reached by the majority — reversal of the decision of the district court holding that the actions of the Town of Front Royal, Virginia and several of its individual officials effected an unconstitutional taking of property belonging to the Front Royal and Warren County Industrial Park Corporation (IPC) and violated the due process and equal protection guarantees of the Fourteenth Amendment. I write separately to highlight the dictum in the majority opinion that has resulted from the unnecessary breadth of its discussion and its consideration of a number of matters that I believe are irrelevant to the decision.
Section II of the majority opinion explains that we held in a prior appeal in this litigation that abstention pursuant to Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), was appropriate and directed the district court to retain jurisdiction “pending the outcome of the state proceedings because they may not fully dispose of all of the federal claims.” Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, Va., 945 F.2d 760, 765 (4th Cir.1991). The majority also notes that IPC subsequently obtained a ruling from the Supreme Court of Virginia that the state trial court properly granted mandamus relief because IPC possessed “a clear right to the” construction of sewer lines under the 1978 annexation court order, the Town had “a legal duty to perform the act” that IPC sought to compel, and “there [was] no other available specific and adequate remedy.” Town of Front Royal v. Front Royal & Warren County Indus. Park Corp., 248 Va. 581, 449 S.E.2d 794, 796-98 (1994) (internal quotation marks omitted). The majority eventually reasons that in view of our prior direction that the district court was to retain jurisdiction to consider the federal issues if the state court did not resolve them, the determination of the Supreme Court of Virginia that no state remedy other than mandamus was available to IPC, and the ruling of the state court that prudential considerations counseled against a decision on the federal issues, the district court correctly held that it was appropriate to proceed to resolve the federal questions. The remainder of the discussion in Section II is unnecessary to the decision and, hence, is dicta.
Next, as the majority correctly notes in Section IV, our conclusion that none of IPC’s constitutional rights were violated obviates the need to address the question of whether the individual defendants are entitled to qual *291 ified immunity. See DiMeglio v. Haines, 45 F.3d 790, 799 (4th Cir.1995) (noting that a court may dispose of a case on the ground that no constitutional violation occurred without addressing qualified immunity). The remainder of the paragraph discussing qualified immunity is dicta.
Finally, the majority intimates that the “inchoate interest in the conferral of a benefit to enhance market value” may not give rise to an unconstitutional taking. Slip op. at 286. Obviously, this reasoning is unnecessary to the decision since the majority concludes that no unconstitutional taking resulted because the “failure to install the sewer lines did not deprive IPC’s land of all economic value or even close to that.” Slip op. at 286 (emphasis omitted). Again, the balance of the Fifth Amendment discussion must be understood to be dicta.