4

## CIRCUIT COURT OF FAIRFAX COUNTY

Summers

v.

Summers

Case No. (Chancery) 147468

BY JUDGE STANLEY P. KLEIN

January 11, 2000

I have had the opportunity to further reflect on the hearing before me in the above matter on January 7, 2000. As I determined that Ms. Mizrahi's conduct on November 5, 1999, although less than appropriate, was not sanctionable under Va. Code § 8.01-271.1, I believe that the monetary sanction I imposed for Ms. Mizrahi's Demurrer, Motion to Dismiss Petition for Sanctions for Failure to Meet Pleading Requirements of the Rules of the Supreme Court of Virginia, Rule 1:4(a), and for Violation of Va. Code Ann. § 8.01-271.1 (duty to perform reasonable inquiry) and Cross-Claim is excessive. Accordingly, I reduce the monetary sanction I imposed against Ms. Mizrahi to $500.00 payable to Marcia L. B. Summers within thirty days of January 7, 2000, plus the cost of the appearance fee of the court reporter, Mr. Jerome Mattingly. However, as a result of the attorney's fees unnecessarily incurred by Mrs. Summers on November 5, 1999, an additional $1,000.00 of attorney's fees, payable to Mrs. Summers, should be factored into the attorney's fees analysis at the hearing on March 29, 2000.

In addition, I have decided to give Ms. Mizrahi until 4:00 p.m. January 18, 2000, to provide me with a legal justification for claiming a good faith basis for the invocation of principles of res judicata and/or collateral estoppel as set out in the above pleading. I do not believe that there is any possible basis for those defenses to be invoked, but I will give Ms. Mizrahi an opportunity to respond in writing if she desires to do so before the order is entered. Any such submission should address a *legal* basis for claiming those

defenses and should not center on the factual circumstances surrounding this dispute between counsel. As I stated at the hearing on Friday, it is for the Virginia State Bar, if appropriate, not this court to determine the propriety of the actions of counsel.

Ms. Mizrahi should forward the original of any such pleading to the Clerk of the Court with copies to Mr. Condo's office and to my chambers. Mr. Condo is not to respond to any pleading filed by Ms. Mizrahi unless the court so requests.

In light of my involvement in the unfortunate differences which have arisen between counsel of record in this matter, I have decided not to preside at the March 29, 2000, hearing in this matter on the Rule to Show Cause previously issued and any other motions pertaining to the custody and/or visitation of the parties' children.

### February 8, 2000

I have received and reviewed Ms. Mizrahi's letter dated January 18, 2000.

At the hearing on Mr. Condo's Motion for Sanctions, I ruled that although I am indeed troubled by Ms. Mizrahi's conduct on November 5, 1999, I did not believe that there was a basis for the imposition of sanctions pursuant to Va. Code § 8.01-271.1 because I authorized the matter to be moved to my courtroom when the Chief Deputy Clerk advised me that there appeared to be a problem in the case. If I had known then that a hearing had taken place that same day on the same matter before Judge Alden, I would not have allowed the matter to be placed on my docket.

However, Ms. Mizrahi's response to Mr. Condo's motion invoking the doctrines of res judicata and collateral estoppel is utterly inconsistent with Virginia law and appropriately sanctionable under Va. Code § 8.01-271.1. Courts of record speak through their written orders. *Town of Front Royal v. Industrial Park*, 248 Va. 581, 586 (1994). Assuming that a request for sanctions was made to me on November 5, 1999, which I do not remember occurring, no order was entered treating it as a motion or denying it. Therefore, there is no legal basis to assert either of these doctrines.

Accordingly, consistent with my letter of January 11, 2000, I impose a monetary sanction against Ms. Mizrahi in the sum of $500.00 payable to Ms. Summers, c/o Condo & Masterman, payable no later than thirty days from the date of this letter.