**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Wednesday, the 18th day of September, 2002.

In Re:  Hopeman Brothers, Inc.,                                    Petitioner

    Record No. 020518

Upon a Petition for a Writ of Mandamus

Upon consideration of the petition for writ of mandamus, papers filed in this proceeding, and argument of counsel, the Court is of opinion that the writ of mandamus shall not issue.

Petitioner is not entitled to the issuance of a writ of mandamus because petitioner failed to establish a clear and specific legal right to be enforced, or a duty which ought to be and can be performed.  As this Court has stated:

> "The writ of mandamus, known in England as a high prerogative writ, is justly regarded in this country as one of the highest writs known to our system of jurisprudence; and it only issues when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy.  The right which it is sought to protect must therefore be clearly established, and the writ is never granted in doubtful cases."

Hertz v. Times-World Corp., 259 Va. 599, 608, 528 S.E.2d 458, 463

(2000) (quoting Tyler v. Taylor, 70 Va. (29 Gratt.) 765, 766-67 (1878)); accord Town of Front Royal v. Front Royal and Warren County Indus. Park Corp., 248 Va. 581, 584, 449 S.E.2d 794, 796 (1994) (right involved and the duty sought to be enforced must be clear and certain); Richmond-Greyhound Lines v. Davis, 200 Va. 147, 151-52, 104 S.E.2d 813, 816 (1958); Hall v. Stuart, 198 Va. 315, 323-24, 94 S.E.2d 284, 290 (1956); Milliner's Adm'r v. Harrison, 73 Va. (32 Gratt.) 422, 426 (1879).

Accordingly, the petition for writ of mandamus is dismissed.

JUSTICE LEMONS, with whom JUSTICE LACY joins, dissenting.

The majority dismisses this petition for writ of mandamus, not because it approves the actions of the trial judge, but because it finds that "petitioner failed to establish a clear and specific legal right to be enforced, or a duty which ought to be and can be performed." I disagree and therefore, dissent.

This petition involves the consolidation and bifurcation of approximately 1,300 cases against 25 defendants concerning tort claims arising from the "design, manufacture, sale, distribution or installation of asbestos containing products in the Newport News Shipyard." On June 20, 2000, the trial court found "that

consolidation of all the cases would adversely affect the rights of the parties to a fair trial."  However, the trial court held that "the most appropriate method of docket management in these cases is the use of Code § 8.01-374.1."  Accordingly, the trial court directed that "consolidation shall be by categories agreed to by the parties or determined by the Court if the parties cannot agree."  Apparently, the parties could not agree upon the categories, and at a hearing on July 27, 2000, the trial court stated:  "At the next docket call, which will be in September, every case that has my name on it is going to be consolidated and I'm going to set the trial for the liability."

Thereafter, an order was entered setting the "consolidated liability trial" for "all asbestos personal injury cases pending before this Court in which plaintiff alleges exposure to asbestos-containing products during the course of their employment at Newport News Shipbuilding and Dry Dock Company and where plaintiff is represented by the Law Offices of Peter T. Nicholl" and including "the cases of all plaintiffs filed on or before January 31, 2001, against all defendants served with process on or before January 31, 2001."  The case is currently set for trial beginning October 22, 2002.

According to the record before us and the representations made by counsel, neither the plaintiffs nor the defendants wish to proceed in this manner. Efforts by defense counsel to have the trial court make findings of commonality of claims and other matters relating to statutory and due process rights of all parties to a fair trial were rejected by the trial court.

The trial court is proceeding pursuant to Code § 8.01-374.1 which, among other things, and under certain circumstances, permits consolidation of personal injury and wrongful death claims "alleged to have been caused by exposure to asbestos or products for industrial use that contain asbestos." Code § 8.01-374.1(A). The statute is limited to "actions against manufacturers or suppliers." Id. Additionally, the court may order consolidation "unless the court finds consolidation would adversely affect the rights of the parties to a fair trial." Id. Furthermore, subsection "C" provides that "[a]ny order entered pursuant to this section shall for the purposes of appeal, be an interlocutory order. Any findings of the court or jury in any bifurcated trial shall not be appealable until a final order adjudicating all issues on a specific claim or consolidated group of claims has been entered." Code § 8.01-374.1(C).

It should be beyond peradventure that the parties have a right to trial consistent with explicit statutory provisions. In this case no consolidation is permitted if the trial court finds that consolidation would adversely affect the rights of the parties to a fair trial. The trial court has made such a finding; however, it has consolidated all of the cases contrary to the clear mandate of the statute. Counsel for plaintiffs suggested in oral argument that the liability trial would consolidate only 10 cases at a time. Nothing in the record before us supports such a representation. Furthermore, when asked, counsel for plaintiffs could not identify the first ten cases set for trial only five weeks from now.

Additionally, the statute only permits consolidation of cases against "manufacturers and suppliers." Code § 8.01-374.1(A). The trial court's consolidation order refers to defendants who were "involved in the design, manufacture, sale, distribution or installation of asbestos containing products." On the record before us, it would appear that certain cases or claims may be consolidated in violation of the express provisions of Code § 8.01-374.1.

In addition to the statutory rights involved, the defendants maintain that their rights to due process under the United States

and Virginia Constitutions are infringed by forcing this enormous consolidation to trial.  Consolidation of cases requires consideration of common questions of law and fact, ability to manage the number of cases, and issues of convenience and efficiency for the parties and the judicial system.

The United States Court of Appeals for the Second Circuit illustrated the due process concerns in Malcolm v. Nat'l Gypsum Co., 995 F.2d 346 (2d Cir. 1993).  In an appeal of one of 48 consolidated cases against 25 defendants involving asbestos exposure, the Court reversed and remanded the case for a new trial stating, "[t]he benefits of efficiency can never be purchased at the cost of fairness."  Id. at 350.  Noting that consolidation must be justified by common issues of law and fact, the Court listed numerous issues that trial courts should consider before consolidation, such as:

1.  the sheer number of plaintiffs;
2.  the disease type of a particular plaintiff;
3.  the existence of exposure at different worksites;
4.  the occupations of the plaintiffs;
5.  the duration of exposure;
6.  the existence of third party claims;
7.  whether the plaintiffs were living or deceased;
8.  the status of pretrial discovery.

Id. at 350-51.

The Court noted that what precautions were made by the trial

judge were "feckless in preventing jury confusion." Id. at 352. Citing the "dizzying amount of evidence" and the "cosmic sweep of the factual data that the jury had to absorb," the Court concluded that fundamental concepts of fairness required a new trial. Id. at 349. See In re Fibreboard Corp., 893 F.2d 706 (5th Cir. 1990); Cain v. Armstrong World Indus., 785 F.Supp. 1448 (S.D. Ala. 1992). Further, Petitioners in the case before us assert that issues such as "duty to warn" and "forseeability" may depend upon the occupation or the particular employer of the plaintiff. It is represented to the Court that discovery depositions of plaintiffs have been permitted in approximately two dozen of the 1,300 cases.

In my judgment, we need go no farther than the clear statutory violations to find a "clear and specific legal right to be enforced." Stated simply, both plaintiffs and defendants have a right to a trial in accordance with the statutory requirements. It is nothing short of astonishing that the trial court would make a finding that consolidation of all of the cases would "adversely affect the rights of the parties to a fair trial," and consolidate all of them nonetheless. The writ of mandamus should issue to compel the trial court to comply with the statute. It is "a duty which ought to be and can be performed."

While the majority does not address the issue of adequate remedy at law (See Goldman v. Landsidle, 262 Va. 364, 371, 552 S.E.2d 67, 71 (2001)), it must be recognized that Defendants may proceed to trial and then avail themselves of the right to appeal an adverse judgment at the conclusion of the consolidated and bifurcated cases.  Given that the plaintiffs object, such a remedy would be available for each of them as well.  But, the remedy "must be equally as convenient, beneficial and effective as the proceeding by mandamus," Carolina C & O Ry. v. Bd. of Supervisors of Scott County, 109 Va. 34, 37, 63 S.E. 412, 413 (1909), and even if there may be another legal remedy, "if such remedy be obsolete or inoperative, the mandamus will be granted."  Richmond-Greyhound Lines, Inc. v. Davis, 200 Va. 147, 152, 104 S.E.2d 813, 817 (1958) (quoting Page v. Clopton, 71 Va. (30 Gratt.) 145, 146 (1878)).

Legal literature and appellate opinions are replete with examples of trial processes in asbestos litigation that take so long that some plaintiffs die before they might have benefited from an award.  Defendants "die" as well, as evidenced by bankruptcies involving corporations sued in asbestos litigation nationwide. Where both plaintiffs and defendants oppose the consolidation, shall we wait for years for this litigation to result in an appeal

that will most likely result in reversal and retrial?  Here, the square peg of complex litigation is being forced into the round hole of expediency.  The splinters that are flying are the statutory and Constitutional rights of both plaintiffs and defendants to a fair process for the adjudication of their claims.  An extraordinary writ is required for these extraordinary circumstances.  The writ of mandamus should issue.  I dissent from the majority order in this case.

A Copy,

Teste:

David B. Beach,
Clerk