LAWRENCE CARR, JR., ET AL.

V.

W.H. FORST, TAX COMMISSIONER OF
THE COMMONWEALTH OF VIRGINIA

Record No. 940337

January 13, 1995

Present: All the Justices

*Ben A. Williams, III (Patten, Wornom & Watkins*, on briefs), for appellants.

*Maureen R. Matsen, Assistant Attorney General (James S. Gilmore, III, Attorney General; Mary G. Morris, Senior Assistant Attorney General*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether a certain publication is subject to Virginia's retail sales and use tax.

The parties stipulated the facts. Lawrence Carr, Jr. and Debra A. Carr, individually and trading as *Homes & Land Magazine of Newport News/Hampton* and *Homes & Land Magazine of Historic Williamsburg* (the Taxpayers), are engaged in the business of compiling and distributing to the general public magazines in which real estate brokerage firms advertise residential property for sale. The Taxpayers operate under a franchise from Homes & Land Publishing Corporation, a Florida corporation (Homes).

Homes prints all the magazines for the Taxpayers and ships them to the Taxpayers' office in Newport News. The Taxpayers pay Homes a royalty fee and additional fees for printing and shipping the magazines. The magazines are published every four weeks, *i.e.*, 13 times a year, and are distributed by the Taxpayers free of charge in the cities shown on the title covers of the magazines. The Taxpayers have never paid any sales or use taxes to the Commonwealth on the cost of the printing of the magazines.

On March 12, 1990, the Department of Taxation (the Department) assessed Homes with sales tax and interest in the amount of $226,997.05 for *Homes & Land Magazines* distributed in Virginia

during the period of April 1, 1984, through December 31, 1989. On March 11, 1991, W.H. Forst, Tax Commissioner of the Commonwealth (the Commissioner), issued a letter ruling, designated as Public Document 91-29, in which the Commissioner ruled that the Taxpayers' magazines do not qualify for the media-related exemption from taxation, as set forth in former Code § 58.1-608(A)(6)(c).[1] Homes has not remitted any sales tax to the Department.

The Taxpayers brought a declaratory judgment proceeding, seeking a determination that they are exempt from the retail sales and use tax. Both the Taxpayers and the Commissioner filed motions for summary judgment, conceding that the question presented was purely one of statutory interpretation. The trial court granted the Commissioner's motion for summary judgment and denied the Taxpayers' motion, holding that the magazines were not exempt, under former Code § 58.1-608(A)(6)(c), from the retail sales and use tax. We awarded the Taxpayers an appeal.

■ Code § 58.1-603 levies and imposes a sales tax "upon every person who engages in the business of selling at retail or distributing tangible personal property." Code § 58.1-604 levies and imposes a tax "upon the use or consumption of tangible personal property."

Former Code § 58.1-608(A)(6)(c), however, provided that such taxes shall not apply to "[a]ny publication issued daily, or regularly at average intervals not exceeding three months, and advertising supplements and any other printed matter ultimately distributed with or as part of such publications, except that newsstand sales of the same are taxable." Regulation 630-10-73, promulgated by the Department, provides, *inter alia*, as follows:

The [retail sales and use] tax does not apply to the retail sale of any newspaper, magazine or other publication issued daily, or regularly at average intervals not exceeding three months, except that newsstand sales of the publications are taxable.

The regulation defines the term "publications" as follows:

---

[1] Code § 58.1-608(A)(6)(c) has been recodified and now appears, without any substantive change, as Code § 58.1-609.6(3).

As used herein the term "publications" shall mean any written compilation of information available to the general public. Publication does not include general reference materials and their periodic updates.

The Commissioner contends that the Taxpayers' magazines are taxable under Code §§ 58.1-603 and -604. The Taxpayers contend that the magazines are exempt from such taxes pursuant to former Code § 58.1-608(A)(6)(c).

When a tax exemption is claimed, certain well-established principles of law must be considered. The Constitution of Virginia, in Article X, Section 6(f), provides that "[e]xemptions of property from taxation . . . shall be strictly construed." Thus, "taxation is the rule and not the exception; and . . . statutory tax exemptions are strictly construed against the taxpayer, with doubts resolved against the exemptions." *Commonwealth* v. *Research Analysis*, 214 Va. 161, 163, 198 S.E.2d 622, 624 (1973); *accord Roberts* v. *Board of Supervisors*, 249 Va. 2, 5-6, 453 S.E.2d 258, 260 (1995) (this day decided); *Westminster-Canterbury* v. *City of Virginia Beach*, 238 Va. 493, 501, 385 S.E.2d 561, 565 (1989).

By statute, the tax commissioner has "the power to issue regulations relating to the interpretation and enforcement of the laws . . . governing taxes," Code § 58.1-203(A), and any such regulation "shall be sustained unless unreasonable or plainly inconsistent with applicable provisions of law," Code § 58.1-205(2). Further, the tax commissioner's construction of a tax statute is entitled to great weight. *Winchester TV Cable* v. *State Tax Com.*, 216 Va. 286, 290, 217 S.E.2d 885, 889 (1975). Therefore, a presumption of validity attaches to the tax commissioner's ruling, and the burden is on the taxpayer to prove that the ruling is contrary to law or that the commissioner has abused his discretion and acted unreasonably. *Commonwealth* v. *Wellmore Coal*, 228 Va. 149, 153, 320 S.E.2d 509, 511 (1984).

It also is well established, however, that, if a statute is clear and unambiguous, a court must accept its plain meaning and not resort to extrinsic evidence or rules of construction. *USAA Casualty Ins. Co.* v. *Alexander*, 248 Va. 185, 192, 445 S.E.2d 145, 148-49 (1994); *Reistroffer* v. *Person*, 247 Va. 45, 49, 439 S.E.2d 376, 379 (1994); *Norfolk Airport Authority* v. *Nordwall*, 246 Va.

391, 394, 436 S.E.2d 436, 438 (1993); *Gonzalez* v. *Fairfax Hospital System*, 239 Va. 307, 310, 389 S.E.2d 458, 459 (1990).

In his letter ruling, the Commissioner opined as follows:

> The express statutory reference to advertising supplements in [former Code § 58.1-608(A)(6)(c)] indicates that the General Assembly intended for advertising to be outside the scope of the exemption granted for regularly issued and periodic publications. Additionally, a compilation of advertisements promoting the sale of particular property or services would not be considered a publication providing information of general interest to the public under the term as defined in the regulation. The exemption, thus, is limited to publications providing general news and information only and does not extend to those providing only advertising.

Consistent with this ruling, the Commissioner, on brief, states that "application of the exemption depends on the *purpose* of the publication in question; whether the publication is intended to promote the sale of goods and/or services or intended to communicate ideas and information." The exemption does not apply to the magazines in the present case, the Commissioner asserts, because their purpose is to advertise the sale of real estate rather than to communicate information.

The trial court, relying upon *Jefferson* v. *Tax Comm.*, 217 Va. 988, 234 S.E.2d 297 (1977),[2] determined that the "printings" are not newspapers or magazines, which the court stated are defined as "periodical[s] containing miscellaneous pieces, articles, stories, and poems." The court further stated that a periodical is defined as " 'something published within a fixed interval' " and concluded, therefore, that "a question exists" whether the General Assembly "intended 'periodical' to mean just anything published between intervals, or whether [it] intended periodical to mean an item listed in something like an index to periodicals." Consequently, the trial court could not say that the Commissioner's ruling was unreasonable. We do not agree with the trial court or the Commissioner.

When the exemption set forth in former Code § 58.1-608(A)(6)(c) is examined in the light of the foregoing principles

---

[2] In *Jefferson*, we defined the term "publication" as "a newspaper, magazine or other periodical which is available for general distribution to the public." 217 Va. at 992, 234 S.E.2d at 300.

of law, we conclude that the language is clear and unambiguous and that the Commissioner misinterprets the statute. More precisely, the Commissioner reads into the statute an element (*i.e.*, the purpose of the publication) that is contrary to the statute's plain meaning. Former Code § 58.1-608(A)(6)(c) exempts "[a]ny publication" without any exception or qualification. Although the exemption also applies to "advertising supplements and any other printed matter" which are distributed with or as a part of "such publications," it does not follow that the provision regarding advertising supplements qualifies the term "any publication" and excludes from the exemption publications providing only advertising. Had the General Assembly intended such an exclusion, it could have so provided.

We hold, therefore, that the magazines in question are publications exempt from the retail sales and use tax under former Code § 58.1-608(A)(6)(c) (now Code § 58.1-609.6(3)). Accordingly, we will reverse the trial court's judgment and enter final judgment in favor of the Taxpayers, declaring that they are exempt from the retail sales and use tax.

*Reversed and final judgment.*