Present: Carrico, C.J., Compton, Stephenson, Lacy, Keenan, and Koontz, JJ., and Whiting, Senior Justice

LUCAS E. WALL

OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.

v. Record No. 951927

September 13, 1996

FAIRFAX COUNTY SCHOOL BOARD, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gerald Bruce Lee, Judge

In this appeal, we decide whether The Virginia Freedom of Information Act, Code § 2.1-340, et seq. (the Act), requires the disclosure of the total number of votes received by each candidate in a public high school student election.

On May 3, 1995, an election was conducted at Centreville High School, a public school in Fairfax County. In the election, the students were afforded the opportunity to elect class officers for the classes graduating in 1996, 1997, and 1998. The students also had the opportunity to elect the school's student representatives to the Student Advisory Committee (SAC). The representatives, along with the SAC representatives from the other Fairfax County high schools, elect a student representative to the county school board.

Students who wished to vote were furnished a computer "Scantron" sheet upon which they recorded their choices. Thereafter, representatives of the school's Student Government Association (SGA) collected the Scantron sheets and delivered them to Mary Katherine Totten, a teacher and SGA advisor. Totten, with the assistance of a class sponsor, then tabulated the election results, and Totten retained the sheets and the tabulated results in her exclusive possession.

Lucas Wall, a student at the time, was the Editor-in-Chief of the <u>Centreville Sentinel</u>, the school's student newspaper. Prior to the election, Wall made a request, pursuant to the Act, to be given the vote totals received by each student candidate. The request was delivered to Totten and Pamela Latt, the school's principal. In a written response, Latt declined to release the vote totals to Wall. She informed Wall, however, that each student candidate would have access to his own vote total. Additionally, the total number of students who voted in the election was available to the entire student body.

In explaining her position, Latt stated that the individual vote totals did not constitute "official records," as defined in the Act. She further stated that, even if the totals were "official records," they were also "scholastic records" and, thus, exempt from disclosure under the Act. Latt also expressed concern that the release of individual vote totals likely would embarrass and humiliate those students who lost the election and discourage many students from participating in the election process. Totten shared Latt's views regarding the possible effect the release of individual vote totals might have upon student participation.

Thereupon, Wall filed a petition for mandamus against the Fairfax County School Board and Totten. Following an <u>ore</u> <u>tenus</u> hearing, the trial court refused to order mandamus. The court concluded that, although the individual vote totals were

"official records" subject to the Act, they, nonetheless, fell within the Act's exemption for "scholastic records." We awarded Wall an appeal.[1]

We will assume, without deciding, that a student candidate's individual vote total is an "official record" under the Act and, therefore, must be disclosed absent an applicable exclusion.[2] Thus, the issue for decision is whether such information may be withheld from disclosure pursuant to the Act's "scholastic records" exemption.

Pursuant to Code § 2.1-342(B)(3), "scholastic records . . . containing information concerning identifiable individuals" are excluded from the provisions of the Act, "but [they] may be disclosed by the custodian in his discretion, except where such disclosure is prohibited by law." The term "[s]cholastic records," as used in the Act, means, in pertinent part,

> those records, files, documents, and other <u>materials containing information about a student</u> and maintained by a public body which is an educational agency or institution or by a person acting for such agency or

---

[1]In view of our decision, we do not consider the assignment of cross-error regarding whether the individual vote totals were "official records" subject to the Act.

[2]The Act defines "[o]fficial records" as follows:

> [A]ll written or printed books, papers, letters, documents, maps and tapes, photographs, films, sound recordings, reports or other material, regardless of physical form or characteristics, prepared, owned, or in the possession of a public body or any employee or officer of a public body in the transaction of public business.

Code § 2.1-341.

institution.

Code § 2.1-341.  (Emphasis added.)

It is firmly established that, when a statute is clear and unambiguous, a court must accept its plain meaning and not resort to rules of construction or extrinsic evidence.  Carr v. Forst, 249 Va. 66, 69-70, 453 S.E.2d 274, 276 (1995).  Therefore, applying the plain-meaning rule to Code §§ 2.1-341 and -342(B)(3) in the present case, we conclude that the material Wall seeks is maintained by an educational institution, contains information about identifiable students, and is exempt from mandatory disclosure under the Act.[3]

Notwithstanding the plain meaning of Code §§ 2.1-341 and -342(B)(3), Wall endeavors to buttress his claim by invoking Code § 22.1-287(C), a part of the Education Title of the Code.  That section states that various restrictions on the release of information about pupils "shall not apply to the giving of information by school personnel concerning participation in athletics and other school activities, the winning of scholastic or other honors and awards, and other like information."

We do not see how Code § 22.1-287(C) helps Wall.  Even if we

---

[3]We reach this conclusion with full awareness of the policy expressly stated in Code § 2.1-340.1.  This Code section provides, in pertinent part, that the Act "shall be liberally construed to promote an increased awareness by all persons of governmental activities . . . [, and] [a]ny exception or exemption from applicability shall be narrowly construed in order that no thing which should be public may be hidden from any person."

- 4 -

assume that it permits the disclosure of the information he seeks, it clearly does not <u>require</u> such disclosure. The issue presented in this appeal is whether the Act <u>requires</u> disclosure, and the Act clearly provides that disclosure of even exempt information is in the custodian's discretion, except where such disclosure is prohibited by law. Code § 2.1-342(B).

Consequently, we hold that the trial court properly ruled that the information sought by Wall was exempt from disclosure under the Act. Accordingly, we will affirm the trial court's judgment.

<u>Affirmed</u>.