Present:  All the Justices

MARK L. EARLEY,
ATTORNEY GENERAL OF VIRGINIA

v.  Record No. 981552   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        February 26, 1999
WILLIAM E. LANDSIDLE,
COMPTROLLER OF VIRGINIA

UPON A PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus brought by the Attorney General of Virginia, Mark L. Earley, under the provisions of Code § 8.01-653.  The issue before us is whether to grant a motion to dismiss the Attorney General's motion to join as parties Bruce F. Jamerson, Clerk, Virginia House of Delegates, and Susan Clarke Schaar, Clerk, Senate of Virginia (the Clerks).  The Clerks assert in their motion to dismiss, among other things, that this Court lacks subject matter jurisdiction to consider the Attorney General's petition.

The Comptroller of Virginia, William E. Landsidle, notified the Attorney General by letter dated July 1, 1998, that he entertained doubt concerning the constitutionality of two spending provisions enacted by the General Assembly as part of the Commonwealth's 1998-2000 Biennial Budget (the 1998 Budget). 1998 Va. Acts of Assembly, ch. 464; 1998 Va. Acts of Assembly, Special Session, ch. 1.  The Comptroller questioned Item 1A6 of the 1998 Budget, which increased the so-called "per diem" paid

to legislators for legislative activities involving the discharge of their duties when the General Assembly is not in session from $100 to $200. The Comptroller also questioned Item 1A8, which increased the legislators' monthly allowance for office expenses and supplies from $750 to $1250.

The Comptroller stated that his doubt was based on Article IV, § 5 of the Constitution of Virginia (the Constitution), which provides that an increase in salary for a given legislator shall not take effect until after the end of the legislative term for which the legislator was elected. As directed by Code § 8.01-653, the Comptroller informed the Attorney General that he would not make payments for these items at the new levels authorized in the 1998 Budget until the constitutionality of those items had been adjudicated by this Court. However, the Comptroller stated that he would continue to make payments for those items at the levels authorized before the 1998 Budget was enacted.

In July 1998, the Attorney General filed with this Court the present petition for writ of mandamus naming the Comptroller as party defendant. The Attorney General asked this Court to declare unconstitutional the increased payment levels authorized in Items 1A6 and 1A8 of the 1998 Budget, which became effective before the end of the present term of the members of the General Assembly. The Attorney General requested that this Court direct

2

the Comptroller to continue to make payment for these items at the previously authorized levels until the next term of the General Assembly begins in January 2000, and, thereafter, to make payment at the increased levels fixed in the 1998 Budget.

The Attorney General later filed a motion to join the Clerks as additional parties defendant. The Attorney General alleged that the Clerks "have responsibilities in conjunction with the payments called into question in this action, and therefore, have a direct and substantial interest in the issues" before the Court. The Clerks have moved to dismiss the Attorney General's motion to join them as additional parties.

The Clerks assert that this Court lacks subject matter jurisdiction to hear the petition for a writ of mandamus because Code § 8.01-653 requires the Attorney General to defend the constitutionality of spending provisions challenged by the Comptroller. The Clerks also contend that they are not proper parties under Code § 8.01-653 because the statute only permits joinder of additional parties defendant who stand in the same position as the Comptroller and might be involved in implementing the challenged spending provisions. The Clerks argue that the Attorney General and the Comptroller essentially are "two respondents in search of a petitioner," and that Code § 8.01-653 does not permit the joinder of additional parties to furnish someone to oppose the Comptroller.

3

In response, the Attorney General contends that § 8.01-653 is a remedial statute that must be construed liberally to accomplish its purpose of permitting prompt judicial review of "questionable" appropriations of public funds. The Attorney General asserts that when he believes that a spending provision is unconstitutional, he is obligated to challenge its constitutionality by filing a petition for writ of mandamus under Code § 8.01-653, and that he may seek the joinder of additional defendants to argue in support of the challenged provision. He argues that the present petition properly seeks an affirmative order directing the Comptroller to make payments under the challenged provisions after the next term of the General Assembly convenes in January 2000. We disagree with the Attorney General's arguments.

Mandamus is an extraordinary remedy that may be used to compel public officers to perform their ministerial duties. Town of Front Royal v. Front Royal & Warren County Indus. Park, Corp., 248 Va. 581, 584, 449 S.E.2d 794, 796 (1994); Williams v. Matthews, 248 Va. 277, 281, 448 S.E.2d 625, 627 (1994); Morrissette v. McGinniss, 246 Va. 378, 382, 436 S.E.2d 433, 435 (1993). When a public official has failed to perform his ministerial duty at a time required by law, mandamus will lie to compel the discharge of such duty within a reasonable time after issuance of the writ. Andrews v. Shepherd, 201 Va. 412, 416,

4

111 S.E.2d 279, 282 (1959); Moore v. Pullem, 150 Va. 174, 198, 142 S.E. 415, 422 (1928).

Code § 8.01-653 authorizes this Court to consider a petition for a writ of mandamus in the particular circumstances detailed in the statute.  Under basic rules of statutory construction, we examine the statute in its entirety, rather than by isolating particular words or phrases.  Ragan v. Woodcroft Village Apartments, 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998); Buonocore v. C&P Tel. Co., 254 Va. 469, 472-73, 492 S.E.2d 439, 441 (1997).  The legislature's intent must be determined from the words used, unless a literal construction of the statute would yield an absurd result.  Ragan, 255 Va. at 325-26, 497 S.E.2d at 742; Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).  Therefore, when the language in a statute is clear and unambiguous, the courts are bound by the plain meaning of that language.  Harrison & Bates, Inc. v. Featherstone Assoc., 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997); Wall v. Fairfax County Sch. Bd., 252 Va. 156, 159, 475 S.E.2d 803, 805 (1996); Carr v. Forst, 249 Va. 66, 69-70, 453 S.E.2d 274, 276 (1995).

Code § 8.01-653 provides, in material part:

> Whenever the Comptroller or the Treasurer of the Commonwealth shall notify the Attorney General, in writing, that they, or either of them, entertain such

5

doubt respecting the proper construction or interpretation of any act of the General Assembly which appropriates or directs the payment of money out of the treasury of the Commonwealth, or respecting the constitutionality of any such act, that they, or either of them, do not feel that it would be proper or safe to pay such money until there has been a final adjudication by the Supreme Court determining any and all such questions, and that, for such reason, they will not make payments pursuant to such act until such adjudication has been made, the Attorney General may file in such court a petition for a writ of mandamus directing or requiring the Comptroller or Treasurer of the Commonwealth, or both, to pay such money as provided by any such act at such time in the future as may be proper. . . .The Comptroller and the Treasurer of the Commonwealth, or either of them, as the case may be, shall be made a party or parties defendant to any such petition and the court may, in its discretion, cause such other officers or persons to be made parties defendant as it may deem proper. . .

This statutory language is clear and unambiguous. It authorizes the Attorney General, after being informed by the Comptroller that he entertains doubt concerning the constitutionality of an act of the General Assembly requiring payment of money from the Commonwealth's treasury, to request a writ of mandamus directing the Comptroller to pay money as provided by that act. Here, however, the Attorney General assumes the role of a party defendant by effectively asking us to direct the Comptroller not to pay money under the challenged items until the next session of the General Assembly in January 2000.

We agree with the Clerks that this request by the Attorney General raises a question concerning the subject matter

6

jurisdiction of this Court.  Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies.  Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990); see Ringstaff v. Metropolitan Life Ins. Co., 164 Va. 196, 199, 179 S.E. 66, 67 (1935).  The lack of subject matter jurisdiction may be raised at any time during a proceeding, even by this Court *sua sponte*.  Garrett v. Majied, 252 Va. 46, 48, 471 S.E.2d 479, 480 (1996); Morrison, 239 Va. at 170, 387 S.E.2d at 756; Thacker v. Hubard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918).

The present petition plainly exceeds the subject matter jurisdiction granted to this Court by Code § 8.01-653.  The statute only permits the Attorney General to petition this Court to seek payment of money that he believes the Comptroller is improperly withholding.  In the present case, the Attorney General and the Comptroller agree that payment should not be made on the challenged budget items at the amounts fixed in the 1998 Budget until the next session of the General Assembly begins.  Thus, there is no request before us to direct the Comptroller to pay money under a contested budget item.

Code § 8.01-653 does not permit the Attorney General to challenge the constitutionality of an act by adding parties in the role of petitioners whom he expects will defend that act and seek payment under it.  As provided by the plain language of the

7

statute, the only parties who may be joined in such a proceeding are <u>parties</u> <u>defendant</u>.

We find no merit in the Attorney General's argument that he has satisfied the requirements of Code § 8.01-653 because he has asked us to direct the Comptroller to make payment pursuant to Items 1A6 and 1A8 after the beginning of the next General Assembly session in January 2000. The Comptroller has not notified the Attorney General that he doubts the constitutionality of making payment for these items after that date. Article IV, § 5 of the Constitution, on which the Comptroller's doubts are based, relates only to salary increases for legislators during their current term of office. Thus, the Attorney General's request that payment be made after the next legislative term of office begins is not responsive to the constitutional question posed by the Comptroller, and does not satisfy the statutory requirement that the Attorney General seek payment of money authorized by an act that the Comptroller questions.

For these reasons, we will dismiss the Attorney General's petition for a writ of mandamus.

<u>Petition dismissed.</u>