# CIRCUIT COURT OF THE CITY OF ROANOKE

Principal Residential Mortgage;
Secretary of Housing
and Urban Development

     v.

Isaiah J. O'Neal

May 11, 2001

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff was the holder of a note signed by Defendant and secured by a deed of trust on Defendant's residential real estate. Defendant failed to make his note payments. The substitute trustee under the deed of trust mailed notice of the default to the Defendant pursuant to the terms of the note and deed of trust on April 5, 2000. On July 14, 2000, the substitute trustee mailed a preliminary letter to the Defendant, by certified mail, the receipt for which was signed by the Defendant. On July 27, 2000, the substitute trustee, again by certified mail, sent the Defendant a notice of the foreclosure sale, which notice included the date, time, and location of the absolute auction. This notice was sent to two different variations of the Defendant's address, one of which was the correct address. Both letters were returned to the substitute trustee marked "Attempted . . . Not Known." Defendant denies receiving either of these notices. The sale was advertised in the newspaper two times, pursuant to the terms of the deed of trust. On August 24, 2000, the foreclosure sale was held and Plaintiff made the highest bid at the public auction, paying valuable consideration. On September 8, 2000, the substitute trustee notified Defendant by certified mail, which was received by the Defendant, that the property had been sold and demanded that he immediately vacate the premises. Defendant refused, claiming he did not receive proper notice of the sale and that the real estate sold for less than its fair market value. Plaintiff then obtained a

summons for unlawful detainer, returnable to the General District Court on November 17, 2000. Defendant removed the action to this Court.

Upon these stipulated facts, the parties have raised three legal issues. (1) Whether actual receipt of notice of foreclosure is required by § 55-59.1, Code of Virginia (1950), as amended? (2) Will the giving of defective statutory notice affect the validity of the foreclosure sale? (3) Will the foreclosure sale be invalidated if the purchaser is not a "purchaser for value?"

### *Actual Notice*

As a general rule, when due process of law requires that notice be given, it means that actual notice must be received by the person to be notified. In derogation of the common law, the legislature has changed this requirement as it applies to the facts of this case and substituted therefore the legal fiction that notice to an owner that his real estate is to be foreclosed can be accomplished by simply following the procedure set forth in § 55-59.1. That requirement of notice is satisfied, in the words of the statute, by the "[m]ailing of a copy of the advertisement or a notice containing the same information to the owner by certified or registered mail no less than fourteen days prior to such sale ... [which mailing] shall be a sufficient compliance with the requirement of notice." There is nothing mysterious about the wording of this statutory declaration. It is clear and unambiguous. In such instances, "the courts are bound by the plain meaning of that language." *Earley v. Landsidle*, 257 Va. 365, 370 (1999). Actual receipt of notice of foreclosure is not required under § 55-59.1. The substitute trustee gave notice to the owner as required by statute.

### *Defective Notice*

This question is moot as the Court has previously determined that the statutory notice given in this case in accordance with § 55-59.1 is not defective. Notwithstanding that finding, the Court notes that subsection C of this code section specifically states, in straightforward and unequivocal language, that "[f]ailure to comply with the requirements of notice contained in this section shall not affect the validity of the sale . . . ." It simply means what it says. Defective notice will not invalidate the sale. For a similar finding, see *Nelson White Constr. Mgt. Corp. v. McConaghy*, 15 Bankr. 480 (Bankr. E.D. Va. 1981).

## Purchaser for Value

Defendant argues that because the statute specifically says that a purchaser for value has no duty to ascertain whether notice was validly given, that the converse must also be true, that being that a purchaser who gives less than fair value has an affirmative duty to ascertain whether valid notice was given or not. That supposition is not contained within the legislative dictates of § 55-59.1, nor can it be reasonably inferred from the statutory language. This argument arises over a misunderstanding of the term, "purchaser for value." A purchaser for value is a purchaser who gives valuable consideration for the goods or property purchased, not someone who gives less than fair and adequate value or less than fair market value. See *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 630 (1917), and the cases cited therein. For a similar definition, but in the context of commercial transactions, see §§ 8.1-201(44)(d) and 8.3A-303, Code of Virginia (1950), as amended. Plaintiff was a purchaser for value as contemplated by § 55-59.1, and he was under no duty to ascertain whether notice was validly given to the owner.

Defendant's motions to dismiss the unlawful detainer action are denied.