## CIRCUIT COURT OF FRANKLIN COUNTY

In re Petition of
Davis Lake, L.L.C.,
Landowner, etc.

September 13, 2001

Case No. (Chancery) CH01087859-00

BY JUDGE CHARLES E. POSTON

This cause is before the Court today upon the defendant's demurrer to the petition for a writ of mandamus. For the reasons which follow, the Court will sustain the demurrer and dismiss the petition.

A demurrer admits all facts properly pleaded and any facts that may be reasonably and fairly implied by or inferred from those allegations. *Cox Cable of Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394 (1991). Nevertheless, a demurrer does not admit the correctness of the conclusions of law asserted in the pleading to which a party has demurred. *Ward's Equipment, Inc. v. New Holland North America, Inc.*, 254 Va. 379 (1997).

The demurrer is taken to a petition for a writ of mandamus. Mandamus is a common law writ issued by the court in the name of the Commonwealth commanding an official of government to perform a ministerial duty when he has, under the law, a clear legal duty to act. 12B M.J., *Mandamus*, § 2, p. 2. If a specific and adequate remedy other than mandamus is available, the writ will not issue, for it is an extraordinary writ issued not as of right but only in the exercise of a sound judicial discretion. *Richmond Greyhound Lines, Inc. v. Davis*, 200 Va. 147, 151-52 (1958).

Mandamus is the proper remedy to compel performance of a purely ministerial duty. It does not lie, however, to compel the performance of a discretionary duty. *Hertz v. World Times Corp.*, 259 Va. 599, 607 (2000);

*Early v. Landsidle*, 257 Va. 365, 369 (1999). Thus, when a public official is vested with discretion or judgment, the court will not review his actions by mandamus. Mandamus, then, is a process by which the court commands and executes; it does not inquire and adjudicate through this process.

The Commissioner of the Revenue in her petition for a writ of mandamus complains that the County Attorney, acting with the consent of the Board of Supervisors, has entered into a settlement of a disputed real property tax assessment without legal authority. The Commissioner is charged with assessing all real property in the county for tax purposes. The tax dispute itself is before the Court in a separate but related action filed by Davis Lake, L.L.C. In that action, Davis Lake complains that the Commissioner "wrongfully assessed and removed from the Land Use Program real estate of the petitioner for the year 2000 to the prejudice of the petitioner which increased the Land Use Tax from $920.40 to $3,482.45 for the year 2001, which increase petitioner has paid." There was a change in the character of the real estate at issue which the Commissioner, in the exercise of her discretion, found to be a material change, thus requiring the owner to file a statutorily mandated form with her office. The Court has no reason to question the Commissioner's exercise of her discretion in reassessing the realty.

The Commissioner says that Code § 58.1-3984 reads in pertinent part: "Any person assessed with local taxes, aggrieved by any such assessment, may, unless otherwise specially provided by law . . . apply to the circuit court. . . ." It further provides: "The county or city attorney . . . shall defend the application." The County Attorney recused himself from this matter, and the Board of Supervisors retained other counsel to represent the county in the instant litigation. Of course, for purposes of this litigation, that attorney is, in essence, the County Attorney as contemplated by the statute.

Clearly, under the statute, a party may seek relief from a tax assessment from the circuit court. Davis Lake, L.L.C., has availed itself of that right. The question posed by the Commissioner is whether the county, acting through its attorney and the Board of Supervisors, may settle the case. Put another way, the question may be viewed as to what extent must the County Attorney defend the action.

The Supreme Court and the Attorney General recognize that a local government has authority "to settle and adjust unascertained or disputed claims made against it, or made by it against others, as a necessary incident to its right to contract and to sue and be sued." *McKennie v. Charlottesville R. Co.*, 110 Va. 70 (1909) (emphasis supplied); 1986-7 Ops. Va. Atty. Gen. 317. Further, the principal that the court favors settlement of civil disputes is so well established as to be considered "hornbook law."

Certainly the County Attorney must defend actions such as this. The extent to which an action must be defended, however, is a determination to be made by the Board of Supervisors in the exercise of its sound discretion, after consultation with counsel. Neither the Board of Supervisors nor the County Attorney, acting alone or together, can settle an action such as this. They can and have negotiated a settlement and presented it to the Court for acceptance or rejection. If such a settlement is judicially reviewed and accepted by the Court in its order or decree, relief from the tax assessment is granted, not by the Board of Supervisors or the County Attorney, but by the court acting under the provisions of Code § 58.1-3984. 1986-7 Ops. Va. Atty. Gen. 317 (courts may approve the settlement of challenges to county tax claims).

Thus, the degree to which an action such as this should be defended is a decision left to the sound discretion of the client and attorney, i.e., the Board of Supervisors and the County Attorney. To hold otherwise would require the court to supervise the County Attorney's representation, a role inappropriate for an impartial finder of fact. The Court, then, is of the opinion that the demurrer should be sustained and the petition for a writ of mandamus should be dismissed.