# CIRCUIT COURT OF THE CITY OF ROANOKE

SunTrust Bank

v.

Kenneth B. Wright,
Executor of the Estate of
Elsie C. White,
deceased

November 12, 2003

Case No. CL03-595

BY JUDGE CHARLES N. DORSEY

This matter comes to this Court upon plaintiff's demurrer to defendant's cross-bill.

## Facts

SunTrust Bank loaned money to Elsie C. White ("Ms. White") in the amount of $25,000, and a deed of trust dated June 30, 1997, was signed by Ms. White to secure the loan. Ms. White owned the property that secured the deed of trust, located at 1660 Rugby Boulevard, NW, Roanoke, Virginia 24017, until the time of her death on May 6, 2002. On December 16, 2002, SunTrust instituted foreclosure proceedings in the Circuit Court of the City of Roanoke, which resulted in the sale of the property to SunTrust. Prior to the foreclosure proceedings, SunTrust sent notice of the foreclosure sale to Ms. White's last known address. Therefore, notice was sent to Ms. White's property after her death.

Upon finding that the property was being occupied without its consent, SunTrust filed this unlawful detainer on January 23, 2003, seeking to remove the trespasser from the property. Kenneth B. Wright ("Mr. Wright"), as the Executor of Ms. White's Estate, was named as a defendant in this action. Mr. Wright filed a cross-bill asserting that because Ms. White was deceased and

no representative had been appointed at the time of the foreclosure sale, notice could not be proper and the subsequent sale should be declared void. SunTrust demurs to the cross-bill, claiming that notice was proper.

## Issue

The issue is whether the notice of the foreclosure sale sent to the debtor by the trustee after the debtor's death was improper and voids the subsequent foreclosure sale of the property?

## Analysis

No cases or statutes speak specifically to this occurrence. A general analysis of the foreclosure notice statute, however, is enough to answer this issue. Virginia Code § 55-59.1(A) provides in pertinent part that a trustee or secured party must give written notice describing the time, date, and place of any proposed foreclosure sale by mail or personal delivery "to (i) the present owner of the property to be sold at his last known address as such owner and address appear in the records of the party secured. . . ." The statute goes on to state: "*Failure to comply with the requirements of notice contained in this section shall not affect the validity of the sale*, and a purchaser for value at such sale shall be under no duty to ascertain whether such notice was validly given." Va. Code § 55-59.1(C) (emphasis added).

Regarding notice under the statute, SunTrust is correct that there is no requirement that notice be sent to a personal representative or executor. The only requirement mandated by § 55-59.1(A) is that the trustee provide written notice to the present owner of the property at the last known address as it appears on the records of the secured party. There is no evidence, nor suggestion, that SunTrust's records reflected any other owner or address. I find that proper notice was given and that alone is enough to answer the question before the Court, but is not the sole basis upon which the Court relies.

In *Deep v. Rose*, 234 Va. 631, 364 S.E.2d 228 (1988), the Supreme Court of Virginia considered the validity of a foreclosure sale where the requirements of Virginia Code § 55-59.2 were not followed. The Court compared § 55-59.1 with § 55-59.2:

Both §§ 55-59.1 and 55-59.2 were adopted as part of a single enactment. ... But there is a significant difference between them. After providing for written notice to the debtor, § 55-59.1 provides: "Failure to comply with the requirements of notice contained in this

section shall not affect the validity of the sale under the deed of trust. . . ." Code § 55-59.2, although part of the same act, contains no such ameliorative language in case of failure to follow its mandatory time periods. It is apparent that the General Assembly intended that different consequences would flow from violations of these respective sections.

*Id.* at 637, 364 S.E.2d at 232.

In finding that a sale in violation of the mandatory time periods described in § 55-59.2 is void, the Court stated:

> The result is not as draconian as the appellees contend. It might be difficult for a purchaser at a foreclosure sale to ascertain whether 14 days' personal notice had been given to the debtor as required by this section, and the legislature, undoubtedly for that reason, relieved the purchaser of the consequences of the trustee's failure in that respect. By contrast, a purchaser who has been attracted to a sale by a series of newspaper advertisements has ready means of ascertaining whether the sale falls within the prescribed time period after publication, as required by § 55-59.2. If the sale falls without that period, he need not bid.

*Id.* at 637-38, 364 S.E.2d at 232 (emphasis added).

The Supreme Court has made it clear that § 55-59.1 does not require notice to be perfect. Failure of notice alone will not serve to invalidate the foreclosure sale. Therefore, even though the notice requirement has been satisfied, this Court has previously held that the statute "means what it says. Defective notice will not invalidate the sale." *Principal Residential Mortgage v. O'Neal*, 55 Va. Cir. 250, 251 (City of Roanoke 2001). Consequently, even if my finding as to adequacy of notice is erroneous, the sale is valid under any analysis. The foreclosure sale is adjudged valid, and the cross-bill is overruled. Leave to amend is granted to the defendant if he be advised of any good faith reason to amend.