Present:  All the Justices

GENERAL MOTORS CORPORATION

OPINION BY
v.  Record No. 032533      JUSTICE LAWRENCE L. KOONTZ, JR.
September 17, 2004
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF TAXATION

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge


In this appeal, we consider whether the interpretation of

the term "cost of performance" by regulations promulgated in 23

VAC § 10-120-250 by the Commonwealth of Virginia Department of

Taxation (the Department) is consistent with the use of that

term in Code § 58.1-418 for purposes of determining the Virginia

taxable income of a financial corporation.

BACKGROUND

The material facts are undisputed or have been stipulated.

The case arises from a series of administrative proceedings in

which General Motors Corporation (General Motors), a Delaware

corporation duly authorized to do business within this

Commonwealth, sought corrections of the assessments of its

Virginia corporate income taxes by the Department for the tax

years 1988, 1989, 1990, and 1991.  Although the Department

revised the assessments and lowered General Motors' tax

liability for those tax years, a number of issues remained

unresolved.  Consequently, pursuant to Code § 58.1-1825, General

Motors filed an application for correction of erroneous assessment of its corporate income taxes in the Circuit Court of Fairfax County (the trial court). The parties thereafter resolved the various issues raised by General Motors in its application with the exception of the issue presented in this appeal with regard to the assessments for tax years 1990 and 1991.

Relevant to the assessments for those tax years, General Motors asserted in its application that the Department erred by disallowing third-party costs General Motors had included in calculating the "cost of performance" ratio used to determine the Virginia taxable income under Code § 58.1-418 of General Motors Acceptance Corporation (GMAC), a subsidiary of General Motors doing business in Virginia. The parties stipulated that GMAC is a "financial corporation" within the intendment of Code § 58.1-418. They further stipulated to the amounts paid to third parties as claimed by General Motors, and disallowed by the Department, as part of GMAC's total cost of performance. Under the specific facts of this case, there is no dispute that disallowing the third-party costs in question would increase the percentage of GMAC's total income subject to Virginia taxation.

General Motors maintained in the trial court that the Department lacks the statutory authority to disallow such third-party costs from the cost of performance ratio calculation

because Code § 58.1-418 does not specifically require "cost of performance" to be based only upon "direct costs." The Department responded that 23 VAC § 10-120-250 "is a practical interpretation of section 58.1-418 as [the Department] cannot effectively monitor third parties to determine what part of their performance, if any, occurs within Virginia."

The trial court concurred in the view expressed by the Department, finding that the regulation was reasonable and not "plainly inconsistent" with the language of the statute. See Code § 58.1-205. Accordingly, the trial court ruled that General Motors had not presented evidence that the assessment of taxes was erroneous with respect to the Department's exclusion of third-party costs from the "cost of performance" ratio calculation. We awarded General Motors this appeal.

## DISCUSSION

Well-established rules govern our consideration of the issue raised in this appeal. The Tax Commissioner is empowered to issue regulations relating to the interpretation and enforcement of the laws governing taxes administered by the Department. Code § 58.1-203(A). Moreover, "[a]ny regulation promulgated . . . shall be sustained unless unreasonable or plainly inconsistent with applicable provisions of law," Code § 58.1-205(2), and the Department's construction of a tax statute in such regulations, while not binding upon this Court,

3

is entitled to great weight.  Department of Taxation v. Wellmore Coal Corp., 228 Va. 149, 154, 320 S.E.2d 509, 511 (1984).  It is equally well established, however, that if the language of a statute is clear and unambiguous, a regulatory interpretation by the Department that is in conflict with the plain language of the statute cannot be sustained.  See Carr v. Forst, 249 Va. 66, 71, 453 S.E.2d 274, 276 (1995).

In relevant part, Code § 58.1-418(A) states:

> The Virginia taxable income of a financial corporation . . . shall be apportioned within and without this Commonwealth in the ratio that the business within this Commonwealth is to the total business of the corporation.  Business within this Commonwealth shall be based on cost of performance in the Commonwealth over cost of performance everywhere.

In simplest terms, this statute requires a financial corporation to determine its Virginia taxable income by calculating the cost of performance attributable to its business operations within Virginia, dividing that figure by the total cost of performance of its operations everywhere, and then using that ratio to determine what portion of its total income is taxable as Virginia income.  By this means only income attributable to business conducted in Virginia is taxed by Virginia in instances of corporations such as GMAC doing business within and without Virginia.

In promulgating 23 VAC § 10-120-250, the Department has defined "cost of performance" as used in Code § 58.1-418 as "the

4

cost of all activities directly performed by the taxpayer for the ultimate purpose of obtaining gains or profit." The regulation further provides that cost of performance does not "include activities performed on behalf of a taxpayer, such as those performed on its behalf by an independent contractor." The effect of this regulation is to exclude from the cost of performance ratio calculation under Code § 58.1-418 all indirect expenses of business operations from both the taxpayer's cost of performance in the Commonwealth and its total cost of performance everywhere.

General Motors asserts, as it did in the trial court, that 23 VAC § 10-120-250 contravenes the plain meaning of Code § 58.1-418. The effect of the regulation, General Motors contends, is to improperly narrow the scope of the statute to include only direct costs of performance in the ratio calculation. General Motors further asserts that had the General Assembly intended to limit the calculation of the cost of performance ratio to direct costs, it would have done so expressly. Carr, 249 Va. at 71, 453 S.E.2d at 276. Because the term "cost of performance" has a plain and definite meaning, General Motors contends that the trial court should not have approved of the narrowing of that meaning by 23 VAC § 10-120-250. See Shelor Motor Co., Inc. v. Miller, 261 Va. 473, 479, 544 S.E.2d 345, 349 (2001).

5

The Department responds that the trial court correctly ruled that 23 VAC § 10-120-250 is both reasonable and consistent with the provisions of Code § 58.1-418. This is so, the Department asserts, because while apportionment of a taxpayer's direct cost of performance between its Virginia operations and those elsewhere "can be readily ascertained," it would be difficult to properly apportion the cost of operations performed by a third-party contractor who could be located anywhere in the world, who may or may not choose to cooperate with the Department and would not necessarily have any obligation to do so. Thus, the Department concludes that excluding costs of activities performed on behalf of the taxpayer by third parties is a reasonable limitation on "cost of performance" and consistent with the use of that term in Code § 58.1-418. We disagree with the Department.

The language of Code § 58.1-418 is clear and unambiguous. By its express terms, the ratio to be used to apportion a financial corporation's income for purposes of Virginia taxation is the "cost of performance in the Commonwealth over cost of performance everywhere." Nothing in this language limits costs of performance to direct costs or suggests that the Department may exclude costs incurred for activities performed on behalf of a taxpayer by a third party. Thus, it is self-evident that the

6

narrowed definition of "cost of performance" in the regulation is not consistent with the plain language of the statute.

We recognize that it may be true, as asserted by the Department, that the determination whether third-party costs are to be ascribed to the taxpayer's business operations within Virginia or elsewhere presents a degree of practical difficulty for the Department's auditors.  However, that is a matter to be addressed by the General Assembly rather than this Court.

CONCLUSION

For these reasons, we hold that the trial court erred in ruling that 23 VAC § 10-120-250 was not plainly inconsistent with Code § 58.1-418.  Accordingly, we further hold that the Department erred in excluding amounts paid by GMAC to third parties from the cost of performance ratio.  The parties have stipulated to the proper calculation of that ratio in the event that the costs asserted by General Motors are included in that calculation.  Accordingly, we will reverse the judgment of the trial court and remand the case for entry of an appropriate order consistent with the views expressed in this opinion and the prior stipulations of the parties to correct the erroneous

assessment of General Motors' corporate income taxes for tax

years 1990 and 1991.[*]

<u>Reversed and remanded</u>.

---

[*] In light of our conclusion that 23 VAC § 10-120-250 is not consistent with Code § 58.1-418, we need not consider General Motors' further assignment of error asserting that the regulation violates the Commerce Clause of the United States Constitution.