## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Mark Reamey

v.

P. A. Terrangi,
Warden

October 28, 2003

Case No. CL03-126

By Judge S. Bernard Goodwyn

This matter is before the Court on a Petition for Writ of Mandamus. The petitioner, Mark Reamey, prays that the Court issue a writ of mandamus requiring respondent, the warden of the Indian Creek Correctional Facility ("Indian Creek") to transfer him to another institution compatible with his security level and without any retaliatory measure taken against him. The respondent has filed a Motion To Dismiss.

### Statement of Facts

The petitioner alleges that his assignment to the Indian Creek therapeutic treatment community, involuntarily, was done in violation of his constitutional rights to due process. He also alleges that the program he is exposed to at Indian Creek violates the Establishment Clause of the United States Constitution, and Section 16 of the Constitution of Virginia and that his involuntary exposure to this program violates his constitutional rights concerning freedom of religion.

### Ruling

Three elements are necessary for the issuance of a writ of mandamus: (1) the petitioner has a clear and specific legal right to the relief sought; (2) the respondent has a duty which ought to and can be performed, and (3) there is no specific and adequate remedy at law. *Williams v. Matthews*, 248 Va. 277, 281, 448 S.E.2d 625 (1994).

In this matter, the petitioner requests to be transferred to another Department of Corrections ("DOC") facility. An inmate does not have a specific right to be transferred upon request. The petitioner alleges that he should be transferred because the Indian Creek therapeutic treatment program, by its actions, is violating his constitutional rights. However, whether or not the defendant's constitutional rights have been or are being violated has not been adjudicated. Therefore, the petitioner, at this time, does not have a clear and specific legal right to the relief sought.

The warden does not have a duty to transfer an inmate upon request. If, as alleged by the petitioner, his constitutional rights are being violated by the DOC, the petitioner has a specific and adequate legal remedy for that violation under 42 U.S.C. § 1983. Thus the petitioner has failed to show that the respondent has a duty which ought to be performed or that the petitioner does not have an adequate remedy at law.

Viewing all allegations well pleaded in the light most favorable to the petitioner, the Court finds that, as a matter of law, it cannot grant the relief requested in the Petition for Writ of Mandamus. The Court will not address the additional inadequacies of the petition outlined in the respondent's Motion To Dismiss as it is not necessary to do so. The petition is hereby dismissed with prejudice.