# COURT OF APPEALS OF VIRGINIA

## Record No. 0237-25-1

ADAMS OUTDOOR ADVERTISING, LP

v.

THE CITY OF NEWPORT NEWS, VIRGINIA, ET AL.

Present: Judges Athey, Friedman and Callins

Argued at Williamsburg, Virginia

Opinion Issued April 28, 2026[*]

**FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS**
Tyneka L.D. Flythe, Judge

David R. Russell (Brandon M. H. Schumacher; Kraig D. Jennett; Foster Swift Collins & Smith PC; Clark Hill PLC, on briefs), for appellant.

Darlene P. Bradberry, Chief Deputy City Attorney (David L. Arnold; D. Rossen S. Greene; Scott B. Ingram; Barry Dorans; Christopher R. Hedrick; Newport News City Attorney's Office; Pender & Coward, P.C.; Wolcott Rivers Gates; Mason, Mason, Walker & Hedrick, on brief), for appellees.

## MEMORANDUM OPINION BY
## JUDGE FRANK K. FRIEDMAN

This case arises out of the City of Newport News' denial of Adams Outdoor

Advertising's ("Adams") applications for permits for two electronic billboards. After the Board

of Zoning Appeals affirmed the City's denial, Adams filed a two-count complaint against the

City (and various co-defendants[1]) requesting a declaratory judgment and a writ of mandamus.

Appellees demurred and filed pleas in bar, which Adams opposed. Adams also moved for leave

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] City of Newport News City Council; Nyoka C. Hall, the Zoning Administrator; Sheila W. McAllister, the Director of the Newport News Planning Department; and Harold L. Roach, Jr., the Director of the Newport News Department of Codes Compliance.

to amend its complaint, seeking to add three claims. The circuit court sustained appellees' demurrer, partially sustained their pleas in bar, and denied Adams' motion for leave to amend.

For the reasons that follow, we affirm the circuit court's judgment.

BACKGROUND[2]

Adams Outdoor Advertising is a limited partnership in the billboard advertising business. On April 14, 2021, Adams applied for an outdoor advertising permit with the Virginia Department of Transportation ("VDOT") and the City of Newport News ("the City"), requesting a permit for the placement of an off-premises electronic billboard within the City of Newport News. Five days later, Adams filed another application for the placement of a second billboard in the City.

Any party seeking to erect a billboard in Virginia must file VDOT Form OA-105A, entitled "Application for Outdoor Advertising Permit." While most of the form must be filled out by the applicant, Section III must be filled out by the local zoning office. Specifically, the locality's zoning administrator—here, appellee Nyoka C. Hall—must certify that the proposed "location complies with all of the locality's zoning requirements" and also must "approve placement of this sign." Section III states in bold, "Applications that do not have zoning approval will not be accepted."

On April 27, 2021, 13 days after Adams submitted its first application, the Newport News City Council amended the relevant zoning ordinance to add a new provision regarding the maximum height and size permitted for off-premises billboards erected in the City. The previous version of the zoning ordinance imposed height and size restrictions for all off-premises

---

[2] "Because this appeal arises from the grant of a demurrer, we state the factual allegations in the complaint in the light most favorable to [Adams], giving them the benefit of all reasonable inferences that arise from those allegations." *AGCS Marine Ins. Co. v. Arlington Cnty.*, 293 Va. 469, 473 (2017). "However, we do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences." *Id.*

billboards erected in the City, while the amendment to the ordinance specified that the restrictions also applied to all billboards visible from a highway. *See* Newport News, Va., Code of Ordinances §§ 33.01-6, -8 (1978) (amended 2021).

On May 13, 2021, by one letter pertaining to both applications, Ms. Hall denied Adams' applications because they did not comply with the amended ordinance. Adams claimed that its signs would have complied with the pre-amendment ordinance. But Hall explained in her letter that the amendment did not significantly alter the zoning ordinance. Rather, it "simply ma[de] abundantly clear the City's position that signs visible to public highways are required to meet existing City height and area requirements, if erected." And she said that "[e]ven prior to such amendment, I could and would have interpreted the relevant language contained in our sign ordinance in a manner consistent with such position."

In a second letter dated June 11, 2021, Ms. Hall restated her explanation for the denials and advised Adams of its right to appeal to the Board of Zoning Appeals (BZA) under Code § 15.2-2311. Adams did just that, appealing Hall's denial of its applications to the BZA on July 9, 2021. The BZA denied Adams' appeals. Adams then appealed the BZA's decision, petitioning the Circuit Court for the City of Newport News for writs of certiorari on October 22, 2021. Those appeals are still pending.[3]

On June 10, 2022, Adams filed the complaint at issue here. It sought (1) a declaratory judgment stating that the defendants exceeded their statutory authority by failing to certify the billboards' compliance with the zoning ordinance in effect when Adams applied for the permits; and (2) a writ of mandamus compelling Hall to certify compliance.

---

[3] Notwithstanding the pendency of Adams' petitions for writs of certiorari, we assume without deciding that this case is ripe for adjudication. *Cf. Laurels of Bon Air, LLC v. Med. Facilities of Am. LIV Ltd. P'ship*, 51 Va. App. 583, 597 (2008) (assuming arguendo that appellants had standing and proceeding to the merits of their claim).

On October 19, 2023, appellees demurred and filed pleas in bar to the complaint. They asserted that a permit application is governed by the law in effect when the application is decided—rather than the law in effect when the application is submitted—and that they were not required to process the application before this amendment's effective date. *See* Code § 15.2-2286(A)(4) ("The zoning administrator shall respond within 90 days of a request for a decision or determination on zoning matters within the scope of his authority unless the requester has agreed to a longer period."). Appellees also echoed Ms. Hall's assertion that the amendment merely clarified size restrictions already in the previous version of the zoning ordinance. Appellees additionally contended that Adams was not entitled to declaratory or mandamus relief because (1) other forms of relief were available (namely, the normal appeals process); and (2) declaratory and mandamus relief are prospective only and cannot be used to adjudicate the propriety of past actions like the denial of Adams' applications. Further, they argued that Adams was not entitled to a writ of mandamus because Ms. Hall's duty was discretionary, not ministerial.

Almost one year later, after settlement negotiations fell apart, Adams opposed the demurrer and pleas in bar and moved the circuit court for leave to amend its complaint. Adams proffered an amended complaint that added three new claims to the original claims for declaratory judgment and a writ of mandamus: (1) an equal protection claim under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C § 1983; (2) a business conspiracy claim under Code § 18.2-499; and (3) an inverse condemnation claim under Article I, § 11 of the

Virginia Constitution.[4]  Adams also sought $19,131,840 in damages for lost revenue expected to be earned from the billboards.

Appellees opposed the motion, arguing that the new claims were barred by the statute of limitations and that litigating the claims would prejudice them.  Appellees asserted that the new claims did not relate back to the date of the original complaint under Code § 8.01-6.1 because they constituted new substantive causes of action.  Adams responded that the claims related back because they arose from the same transaction or occurrence as the original claims.

After a hearing on October 15, 2024, at which the parties presented evidence *ore tenus*, the circuit court entered a final order on January 6, 2025.  It concluded that appellees' denial of the permits was discretionary rather than ministerial and Adams had an adequate remedy at law, so Adams was entitled to neither a declaratory judgment nor a writ of mandamus.  It therefore sustained appellees' demurrer, partially sustained their pleas in bar, and dismissed Adams' complaint.  The circuit court then denied Adams' motion for leave to amend the complaint, finding that (1) there was no longer a pleading before the court which could be amended because the court had already dismissed Adams' complaint; and (2) "amendment of the Plaintiff's Complaint would be futile because the deficiencies found by the Court cannot be remedied."  Adams filed written objections to the final order and timely appealed.

---

[4] Adams' proffered amended complaint also included new factual allegations, mainly revolving around appellees' treatment of allegedly similar applications from one of Adams' competitors, Kenjoh Outdoor Advertising.  According to Adams' proffered amended complaint, Ms. Hall had previously certified two of Kenjoh's permit applications in just 72 hours, but the City then received "political backlash" after Kenjoh built its billboards.  Adams alleged, upon information and belief, that because of that backlash, Hall "intentionally, deliberately, and maliciously" delayed certifying its applications until after the zoning ordinance amendment was adopted so that she could then deny the applications.  These factual allegations undergirded Adams' equal protection and business conspiracy claims.

ANALYSIS

I. The Circuit Court Properly Sustained Appellees' Demurrer and Plea in Bar Because Adams Is Entitled to Neither Declaratory nor Mandamus Relief

A. Standard of Review

"At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 44 (2013) (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors of Charles Cnty.*, 259 Va. 419, 427 (2000)). "To survive a challenge by demurrer, a pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.'" *Id.* (quoting *Eagle Harbor, L.L.C. v. Isle of Wright Cnty.*, 271 Va. 603, 611 (2006)). "A trial court's decision sustaining a demurrer presents a question of law which we review de novo." *Harris v. Kreutzer*, 271 Va. 188, 196 (2006).

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). Where, as here, "the 'parties present[ed] evidence on the plea ore tenus, the circuit court's factual findings are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Id.* (quoting *Hawthorne*, 279 Va. at 577).

B. Adams Is Not Entitled to a Declaratory Judgment

In its complaint, Adams sought a declaratory judgment establishing that (1) appellees' authority was limited to enforcing the zoning ordinance in effect at the time the applications were submitted; and (2) appellees "exceeded their authority when they withheld certification that

the location of the outdoor advertising signs described in the [permit applications] complied with the City's zoning ordinance."

"Code § 8.01-184 'is the statutory authority for declaratory judgment proceedings in this Commonwealth. From it stem[s] the jurisdiction of the courts of record to entertain applications for declaratory relief and the power to make binding adjudications of the rights of the parties involved.'" *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 55 (2018) (alteration in original) (quoting *City of Fairfax v. Shanklin*, 205 Va. 227, 229 (1964)). Code § 8.01-184 states:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

"The General Assembly created the power to issue declaratory judgments to resolve disputes 'before the right is violated.'" *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors*, 285 Va. 87, 98 (2013) (quoting *Patterson's Ex'rs v. Patterson*, 144 Va. 113, 120 (1926)). "[W]here claims and rights asserted have fully matured, and the alleged wrongs have already been suffered, a declaratory judgment proceeding, which is intended to permit the declaration of rights before they mature, is not an available remedy." *Bd. of Cnty. Supervisors v. Hylton Enters., Inc.*, 216 Va. 582, 585 (1976); *see also Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421 (1970) (holding that, "as a rule," the power to issue a declaratory judgment will not be exercised "where some other mode of proceeding is provided"). "In addition, the purpose of a declaratory judgment action is not to resolve disputed facts." *Pure Presbyterian*, 296 Va. at 55.

Here, a declaratory judgment is an inappropriate form of relief because Adams' "alleged wrongs have already been suffered." *Hylton Enters., Inc.*, 216 Va. at 585. Ms. Hall has already denied Adams' applications for the reasons stated in her letter. While Code § 8.01-184 gives courts the power to adjudicate rights in controversies involving the "interpretation of . . . municipal ordinances," declaratory relief is unavailable where the rights in question have "fully matured." *Hylton Enters., Inc.*, 216 Va. at 585; *see Bishop*, 211 Va. at 421 (dismissing appellees' petition for declaratory judgment where "the various claims and rights asserted had all accrued and matured, and . . . the wrongs had been suffered, when their petition for a declaratory judgment was filed"). Moreover, Adams has an alternate "mode of proceeding" here, one of which it has already availed itself: it has appealed to the BZA and has petitioned the circuit court for relief. *See Bishop*, 211 Va. at 421. It is thus not entitled to a declaratory judgment.

C. Adams Is Not Entitled to a Writ of Mandamus

Adams asked the circuit court to issue a writ of mandamus "commanding [appellees] to certify on VDOT Form OA-105A that the location of the outdoor advertising signs described in the [permit applications] comply with the City's then-existing zoning ordinance." Mandamus relief is similarly inappropriate here.

"Mandamus is an extraordinary remedy that may be used to compel a public official to perform a purely ministerial duty imposed by law. The use of the remedy is limited." *Umstattd v. Centex Homes, G.P.*, 274 Va. 541, 545 (2007) (citation omitted). "It is not available where the applicant has an adequate remedy at law." *Id.* In *Gannon v. State Corp. Commission*, 243 Va. 480 (1992), for instance, the plaintiff filed a Virginia Freedom of Information Act (VFOIA) request, seeking records in the possession of the State Corporation Commission. *Id.* at 481. The Commission denied his request, stating that it was not subject to VFOIA. *Id.* The plaintiff thereafter filed a petition for a writ of mandamus to compel the Commission to produce the

requested documents. *Id.* The Supreme Court dismissed the plaintiff's petition because the Rules of the Commission provided several ways for him to challenge the Commission's interpretation of VFOIA. *Id.* at 482-83. The Court held that "[b]ecause mandamus is an extraordinary remedy, [the plaintiff] is required to avail himself of his 'specific and adequate remedy' under the Commission's Rules before seeking a writ of mandamus." *Id.* at 483.

Here, Adams has a "specific and adequate" legal remedy: the appeals process. The Supreme Court has "repeatedly held that the extraordinary remedy of mandamus cannot be used as a substitute for an appeal." *Hertz v. Times-World Corp.*, 259 Va. 599, 610 (2000); *see also Bd. of Supervisors v. Combs*, 160 Va. 487, 498 (1933) ("[Mandamus] lies to compel, not to revise or correct action, however erroneous it may have been, and is not like a writ of error or appeal, a remedy for erroneous decisions."). In fairness, it cannot be said that Adams is attempting to *substitute* mandamus for an appeal. It did, after all, appeal appellees' decision to the BZA and has now petitioned the Circuit Court for the City of Newport News to overturn the BZA's denial of its appeal. In other words, it is presently availing itself of the appropriate legal remedy. But an attempt to *supplement* an appeal with a writ of mandamus is no better than an attempt to *substitute* such a writ for an appeal. Either way, there is a "specific and adequate" legal remedy, so mandamus cannot lie. *See Combs*, 160 Va. at 498 ("Nor is the extraordinary writ of mandamus ever granted to enforce a right when there is any other adequate legal remedy available to the applicant.").

Because Adams is entitled to neither a declaratory judgment nor a writ of mandamus, the circuit court properly sustained appellees' demurrer and plea in bar.

II. The Circuit Court Did Not Abuse Its Discretion in Denying Adams' Motion for Leave to Amend its Complaint

A. Standard of Review

Rule 1:8 provides that leave to amend "shall be liberally granted in furtherance of the ends of justice." "The decision whether to grant leave to amend a complaint rests within the sound discretion of the [circuit] court." *Kimble v. Carey*, 279 Va. 652, 662 (2010). "A reviewing court can conclude that an abuse of discretion occurred 'only when reasonable jurists could not differ [about] the correct result,' which is different from the result reached by the circuit court." *Woods v. Sing Szechuan Rest., LLC*, 84 Va. App. 321, 337 (2025) (alteration in original) (quoting *Graydon Manor, LLC v. Bd. of Supervisors*, 79 Va. App. 156, 168 (2023)).

"In evaluating the circuit court's exercise of discretion, we consider, among other things, whether the court previously granted leave to amend, how long the case has been pending, and the extent to which the other side would be prejudiced by allowing amendment." *Doe v. Baker*, 299 Va. 628, 656 (2021). A court may also consider whether the proposed amendment is relevant and material to the cause of action. *Kimble*, 279 Va. at 662. "In other words, a circuit court does not abuse its discretion by denying a motion to amend a complaint when the amendment sought will 'ha[ve] no legal effect.'" *Woods*, 84 Va. App. at 337 (alteration in original) (quoting *Kimble*, 279 Va. at 662).

B. Adams Failed to Timely and Specifically Object to the Circuit Court's Finding That Amendment Would Be Futile

The circuit court denied Adams' motion for leave to amend its complaint on two independent grounds: (1) there was "no longer a pleading" before the court which could be amended because the court had already dismissed Adams' complaint; and (2) amendment would be futile because "the deficiencies found by the Court cannot be remedied." On appeal, Adams challenges both grounds, as it must. *See Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va.

- 10 -

409, 421 (2012) ("It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling."). However, Adams failed to timely and specifically object to the second ground for denial in the circuit court, so its argument is waived.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011); *see Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010) (explaining that to satisfy the contemporaneous-objection rule, an objection must be made "at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error"). "For the circuit court to rule intelligently, the parties must inform the circuit court 'of the precise points of objection in the minds of counsel.'" *Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014) (quoting *Gooch v. City of Lynchburg*, 201 Va. 172, 177 (1959)).

Moreover, "[a] basic principle of appellate review is that . . . arguments made for the first time on appeal will not be considered." *Appalachian Voices v. State Corp. Comm'n*, 277 Va. 509, 515 (2009) (first alteration in original) (quoting *Martin v. Ziherl*, 269 Va. 35, 39 (2005)); *see Buck v. Jordan*, 256 Va. 535, 545-46 (1998). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019); *see also Floyd v. Commonwealth*, 219 Va. 575, 584 (1978) (holding that the Court will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).

Here, after hearing argument and ruling orally on Adams' motion for leave to amend its complaint, the court wrote in its final order that "amendment of the Plaintiff's Complaint would be futile because the deficiencies found by the Court cannot be remedied." But Adams made no objection to the court's decision at the motion hearing, nor did it file a motion to reconsider, giving the circuit court the opportunity to rule intelligently on its specific objection. To be sure, Adams objected to the court's denial of its motion for leave to amend in its endorsement of the court's final order. But that objection merely stated that "[l]eave to amend should be liberally granted in furtherance of the ends of justice" and that Adams' amended complaint "would have stated additional claims for relief against defendants." It did not address with any particularity the circuit court's finding that "the deficiencies found by the Court cannot be remedied."

Adams' objection was insufficiently specific, so its argument is procedurally defaulted under Rule 5A:18.[5] *Appalachian Voices*, 277 Va. at 515. And because a finding of legal futility is an independently sufficient ground to deny leave to amend a complaint, we need not address

---

[5] Even if Adams had properly preserved its argument, we would still affirm the circuit court's judgment because the additional facts and allegations in Adams' second amended complaint fail to state a claim and are therefore legally futile. *Allegheny Constr. Co. v. Town of Christiansburg*, 86 Va. App. 321, 347 (2025) (holding that "when the proffered facts show the plaintiff cannot state an actionable claim," proffered amendments are legally futile and the circuit court "need not permit amendment"). First, Adams' equal protection claim fails because by providing no specifics about Kenjoh's applications (e.g., the size or location of its proposed signs), Adams fails to allege either that it is "similarly situated" to Kenjoh or "that there is no rational basis for the difference in treatment." *Vill. of Willowbrook. v. Olech*, 528 U.S. 562, 564 (2000); *see also Sas Assocs. 1, LLC v. City Council for the City of Chesapeake*, 91 F.4th 715, 722 (4th Cir. 2024) ("To establish a class-of-one [equal protection] claim, a person complaining of a zoning decision must . . . 'show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006))). Second, Adams' business conspiracy claim is meritless because it alleges no "underlying unlawful act." *Allegheny Constr. Co.*, 86 Va. App. at 346. And third, Adams fails in its second amended complaint to plead even the basic elements of inverse condemnation. For instance, it does not argue that its property was "taken by a body with condemnation authority," nor does it suggest that the alleged taking "was for a public use." *Town of Iron Gate v. Simpson*, 82 Va. App. 38, 52 (2024); *see Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2019) ("[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

the circuit court's additional holding that there was no longer a pleading to be amended because the court had already dismissed Adams' complaint.[6] *See Allegheny Constr. Co. v. Town of Christiansburg*, 86 Va. App. 321, 347 (2025) (explaining that leave to amend ought not be granted where the proffered amendments are legally futile).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[6] *But see AGCS Marine Ins. Co.*, 293 Va. at 486 (noting that a motion for leave to amend is not mooted by dismissal of the complaint).